UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

ANDREW DELANEY,

                    Plaintiff,

           -against-

HC2, INC., STEPHANOS ZANNIKOS,
MICHAEL JOHN ESKER NACCHIO, and
TOYOTA MOTOR NORTH AMERICA, INC.,

                 Defendants.

-------------------------------------------------------------- x

Case No.: 1:24-cv-06287

---

**BRIEF IN SUPPORT OF HC2, INC., STEPHANOS ZANNIKOS, AND MICHAEL JOHN ESKER NACCHIO'S MOTION TO DISMISS THE COMPLAINT**

---

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
599 Lexington Avenue, Suite 1700
New York, New York 10022
Tel: (973) 656-1600
Fax: (973) 656-1611
thomas.bellifemine@ogletreedeakins.com
*Attorneys for Defendants HC2, Inc.,
Stephanos Zannikos, and Michael John
Esker Nacchio*

*On the Brief*:

Thomas L. Bellifemine, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS ...............................2

ARGUMENT ....................................................................................................................................7

   I.    MOTION TO DISMISS STANDARD ...............................................................................7

   II.   PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED ......................................8

      A.   PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE
           PURSUING HIS FEDERAL CLAIMS ...................................................................8

      B.   PLAINTIFF OTHERWISE FAILS TO PLEAD SUFFICIENT FACTS THAT
           WARRANT RELIEF UNDER THE ADA OR TITLE VII ....................................10

          i.    EMPLOYMENT DISCRIMINATION UNDER THE ADA ....................10

          ii.   RETALIATION UNDER TITLE VII ........................................................11

   III.  PLAINTIFF'S STATE LAW CLAIMS SHOULD ALSO BE DIMISSED WITH
       PREJUDICE FOR FAILURE TO STATE A CLAIM...........................................................13

      A.   PLAINTIFF'S ALLEGATIONS UNDER N.Y. JUDICIARY LAW § 487 FAIL
           BECAUSE PLAINTIFF DOES NOT ALLEGE ACTIONABLE CONDUCT THAT
           OCCURRED IN A NEW YORK COURT...........................................................14

      B.   PLAINTIFF HAS WAIVED ANY CLAIMS UNDER N.Y. JUDICIARY LAW §
           487 BY FAILING TO RAISE SUCH CLAIMS IN THE UNDERLYING
           LITIGATIONS .........................................................................................................16

      C.   PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT
           DEFENDANTS ACTED WITH INTENT TO DECEIVE OR OTHERWISE
           ENGAGED IN "EGREGIOUS CONDUCT" AS REQUIRED UNDER
           JUDICIARY LAW § 487 .......................................................................................17

      D.   PLAINTIFF'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL
           DISTRESS FAILS BECAUSE PLAINTIFF CANNOT ALLEGE ANY FACTS TO
           DEMONSTRATE THAT HE FEARED FOR HIS SAFETY OR THAT
           DEFENDANTS IN ANY WAY ENDANGERED HIS PHYSICAL SAFETY ......20

      E.   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS BECAUSE ANY
           CLAIM FOR BREACH OF THE SETTLEMENT AGREEMENT LIES WITH
           THE BANKRUPTCY ESTATE AND NOT PLAINTIFF...................................21

F.     PLAINTIFF OTHERWISE FAILS TO ALLEGE A BREACH OF THE SETTLEMENT AGREEMENT BECAUSE THE SETTLEMENT AGREEMENT ONLY PROHIBITS DEFENDANTS FROM MAINTAINING CLAIMS AGAINST PLAINTIFF ..................................................................................22

G.     PLAINTIFF FAILS TO ALLEGE RETALIATORY CONDUCT COVERED BY SECTION 740 OF THE NEW YORK LABOR LAW ..............................................24

CONCLUSION ..............................................................................................................................26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

A. R. v. City of New York,
170 N.Y.S.3d 180 (2022).................................................................................................19

Adams v. Festival Fun Parks, LLC,
560 Fed.Appx. 47 (2d Cir. 2014)......................................................................................10

Agostini v. Sobol,
757 N.Y.S.2d 555 (1st Dept. 2003) ..................................................................................18

Aguirre v. Best Care Agency, Inc.,
961 F. Supp. 2d 427 (E.D.N.Y. 2013) ..............................................................................16

All. Network, LLC v. Sidley Austin LLP,
987 N.Y.S.2d 794 (N.Y. Sup. Ct. 2014).....................................................................13, 16

Andrew Delaney v. HC2, Inc. d/b/a Hire Counsel, Ind.,
No. 100690/22 (N.Y. Cty. Sup. Ct.) ...................................................................................4

Andrew Delaney v. HC2, Inc. d/b/a Hire Counsel, Ind.,
No. 651740/21 (N.Y. Cty. Sup. Ct.) (Tisch, J.) ..................................................................3

In re: Andrew John Delaney,
20-44372-JMM (Br. E.D.N.Y. 2020) ..................................................................... *passim*

Armstrong v. Blank Rome LLP,
126 A.D.3d 427 (N.Y. Sup. Ct., 1st Dept.2015)...............................................................17

Ashcroft v. Iqbal,
556 U.S. 662 (2009)............................................................................................................7

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007).......................................................................................................7, 10

Breuninger, et al. v. Williams et al.,
No. 20 CIV. 7033 (JPC), 2024 WL 3088770 (S.D.N.Y. June 20, 2024)...........................17

Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.,
787 N.Y.S.2d 267 (1st Dept.2004) ...................................................................................18

Brown v. New York Design Ctr., Inc.,
185 N.Y.S.3d 97 (2023).....................................................................................................19

In re Bruckman,
    413 B.R. 46 (Bankr. E.D.N.Y. 2009) ................................................................................5

Calicchio v. Sachem Cent. Sch. Dist.,
    185 F. Supp. 3d 303 (E.D.N.Y. 2016) .............................................................................20

Callahan v. HSBC Sec. (USA) Inc.,
    No. 22-CV-8621 (JPO), 2024 WL 1157075 (S.D.N.Y. Mar. 18, 2024) ...............................22

Catzin v. Thank You & Good Luck Corp.,
    899 F.3d 77 (2d Cir. 2018) .......................................................................................12, 13

Chibcha Rest., Inc. v. David A. Kaminsky & Assocs., P.C.,
    958 N.Y.S.2d 135 (N.Y. 2013) .....................................................................................16

Chiesa v McGregor,
    209 AD3d 963 (2d Dept 2022) .....................................................................................19

Chowaiki & Co. Fine Art Ltd. v. Lacher,
    982 N.Y.S.2d 474 (1st Dept. 2014) ...............................................................................17

Danielle Olsen, v. South Huntington Union Free School District, et al.,
    No. 21-CV-5464 (ARL), 2024 WL 3178615 (E.D.N.Y. June 26, 2024) ...............................10

Delaney v. Messer,
    1:22-cv-04805-AMD (E.D.N.Y.) ................................................................................4, 17

Delaney v. Messer,
    No. 22-CV-1664 (AMD), 2023 WL 2614099 (E.D.N.Y. Mar. 20, 2023) ...............................1

In re: Delaney,
    20-44372- ...........................................................................................................4, 20, 21

In re Delaney,
    No. 23-434, 2023 WL 6618118 (2d Cir. July 12, 2023), cert. denied sub nom.,
    Delaney v. Messer, 144 S. Ct. 593, 217 L. Ed. 2d 316 (2024) ............................................1

Deravin v. Kerik,
    335 F.3d 195 (2d Cir. 2003) ...........................................................................................8

DuBois v. Brookdale Univ. Hosp. & Med. Ctr.,
    800 N.Y.S.2d 345 (Sup. Ct. 2004) ................................................................................24

Facebook, Inc. v. DLA Piper LLP (US),
    23 N.Y.S.3d 173 (2015) ...............................................................................................17

In re Fierro,
    616 B.R. 596 (Bankr. E.D.N.Y. 2020) .....................................................................13, 14, 16

First Nationwide Bank v. Gelt Funding Corp.,
     27 F.3d 763 (2d Cir. 1994)..................................................................................................7

Fowlkes v. Ironworkers Loc.
     40, 790 F.3d 378 (2d Cir. 2015)..........................................................................................8

Foy v. New York State Unified Ct. Sys.,
     No. 23-CV-656 (KAM) (SJB), 2024 WL 3270711 (E.D.N.Y. July 2, 2024).........................11

Gumarova v. Law Offices of Paul A. Boronow, P.C.,
     129 A.D.3d 911 (2d Dep't 2015) .......................................................................................17

Hardaway v. Hartford Pub. Works Dep't,
     879 F.3d 486 (2d Cir. 2018)................................................................................................8

HC2, Inc. v. Delaney,
     20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 ..................................2, 3, 5, 14

HC2, Inc. v. Delaney,
     510 F.Supp.3d 86 (S.D.N.Y. 2020) ....................................................................................3

Henry v. Wyeth Pharmaceuticals, Inc.,
     2007 WL 2230096 (S.D.N.Y. July 30, 2007) .....................................................................8

Herrick Co., Inc. v. SCS Commc'ns, Inc.,
     251 F.3d 315 (2d Cir. 2001)...............................................................................................12

Hishon v. King & Spalding,
     467 U.S. 69 (1984)..............................................................................................................6

Hoxha v. Pantalone,
     82 Misc. 3d 1239(A), 208 N.Y.S.3d 485 (N.Y. Sup. Ct. 2024).........................................19

John Doe v. Toyota Motor Corp., Toyota Motor North America, Inc., and Akio
     Toyota,
     No. 05-2020-CA-024281 (18th Fla. Cir. Ct., Dec. 30, 2020)...............................................3

Kaba v. Hope Home Care,
     No. 23CV9512OEMLB, 2024 WL 1679327 (E.D.N.Y. Apr. 18, 2024)..............................8, 9

Kaye Scholer LLP v. CNA Holdings, Inc.,
     2010 WL 1779917 (S.D.N.Y. Apr. 28, 2010)......................................................................13

Kaye v. N.Y. City Health & Hosps. Corp.,
     2023 U.S. Dist. LEXIS 57044 (S.D.N.Y. 2023)..................................................................25

Kinneary v. City of New York,
     601 F.3d 151 (2d Cir. 2010)................................................................................................9

Lindner v. Am. Exp. Corp.,
    2009 WL 54493 (S.D.N.Y. Jan. 8, 2009) ...............................................................13

Lipin v. Hunt,
    No. 14-cv-1081 (RJS), 2015 U.S. Dist. Lexis 35700 (S.D.N.Y. Mar. 20, 2015) ...................15

In re: Maura E. Lynch,
    15-74795-AST (Br. E.D.N.Y. 2021).......................................................................21

Maurice Oparaji v. Teachers' Retirement System of the City of New York, et al.,
    No. 23-CV-5212 (KMW), 2024 WL 3046120 (S.D.N.Y. June 18, 2024) ...............................8

McMillan v. City of New York,
    711 F.3d 120 (2d Cir. 2013)..............................................................................10

Nat'l R.R. Passenger Corp. ("AMTRAK") v. Morgan,
    536 U.S. 101, 122 S.Ct. 2061 (2002)....................................................................8

Papasan v. Allain,
    478 U.S. 265 (1986).......................................................................................7

Ray v. Watnick,
    182 F. Supp. 3d 23 (S.D.N.Y. 2016).....................................................................18

Rhoda v. Cent. Hudson Gas & Elec. Corp.,
    2024 U.S. Dist. LEXIS 48465 (S.D.N.Y. Mar. 16, 2024) ..............................................11

Rogath v. Koegel, No. 96-cv-8729 (DAB), 1998 WL 695668, at *4 n.10
    (S.D.N.Y. Oct. 6, 1998) ................................................................................15

Savitt v. Greenberg Traurig, LLP,
    5 N.Y.S.3d 415 (1st Dept.2015) ........................................................................17

Schertenleib v. Traum,
    589 F.2d 1156 (2d Cir. 1978)...........................................................................13

In re Schwartz,
    58 B.R. 923 (Bankr. S.D.N.Y. 1986).....................................................................5

Schweitzer v. Mulvehill,
    93 F. Supp. 2d 376 (S.D.N.Y. 2000).....................................................................17

Sheppard v. Beerman,
    18 F.3d 147 (2d Cir. 1994)..............................................................................7

Suzuki v. Greenberg,
    198 N.Y.S.3d 683 (2023)................................................................................17

In re Swift,
    No. 94-10285-CEC, 2016 WL 355515 (Bankr. E.D.N.Y. Jan. 28, 2016) ..............................16

Taggart v Costabile,
    131 AD3d 243 (2d Dept 2015) .......................................................................................19

Thacker v. HSBC Bank USA, N.A.,
    No. 1:22-CV-7120-GHW, 2023 WL 3061336 (S.D.N.Y. Apr. 24, 2023) .............................24

Ticketmaster Corp. v. Lidsky,
    665 N.Y.S.2d 666 (1997) ...............................................................................................18

U.S. v. Space Hunters, Inc.,
    429 F.3d 416 (2d Cir. 2005)............................................................................................7

Webb v. City of Phila.,
    562 F.3d 256 (3d Cir. 2009)............................................................................................8

Windley/Edwards v. NYC Dep't of Educ.,
    No. 24-CV-2875 (LTS), 2024 WL 2786736 (S.D.N.Y. May 29, 2024)................................9

Workneh v. Pall Corp.,
    897 F. Supp. 2d 121 (E.D.N.Y. 2012) ...........................................................................11

Yalkowsky v. Century Apartments Assoc.,
    626 N.Y.S.2d 181 (1st Dep't 1995) ...............................................................................16

**Statutes**

29 U.S.C.A. § 1002(7) ................................................................................................23, 24

29 U.S.C.A. § 1022..........................................................................................................23

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ......................................................6, 10

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e et seq. .........................................6, 7, 9, 11

Employee Retirement Income Security Act of 1974 ...................................................................23

New York Judiciary Law § 487 ............................................................................... *passim*

New York Labor Law § 740 ................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................6, 7

Federal Rule of Civil Procedure 81(c) ...................................................................................6

## **PRELIMINARY STATEMENT**

*Pro se* Plaintiff is a former attorney who has since resigned from the New York bar, declared bankruptcy, and moved to the Philippines. His Amended Complaint is his **fifth** attempt to harass his former employer, HC2, over what he perceives to have been his wrongful termination when HC2's law firm customer suspended the document review project Plaintiff worked on in March 2020 due to the outbreak of COVID-19. Plaintiff's legal claims against HC2 since then have been dismissed four times before this action – twice by this court in the case of counterclaims and amended counterclaims, and twice by New York State Courts. In November 2023, the First Department then affirmed the New York Supreme Court's dismissal of the most recent 2022 state court action, notably finding that Plaintiff lacked standing to sue because the Bankruptcy Trustee settled Plaintiff's dismissed counterclaims against HC2 in 2021 for $25,000 – a settlement HC2 still entered into even though Plaintiff's counterclaims had been dismissed by this Court, just to prevent future litigation.

Yet now, Plaintiff blindly disregards these prior adjudications, and collaterally attacks his inability to dismiss his bankruptcy case, through baselessly and speculatively alleging a vast conspiracy to improperly influence the Trustee and Bankruptcy Court. However, it was actually "the [Plaintiff] debtor's repeated failure to disclose pending litigations—and, consequently, potential assets that could result from those litigations—[that] [made] dismissal [of the Bankruptcy Action] particularly inappropriate," finding that Plaintiff's "lack of candor reflect[ed] his unwillingness to pay his creditors voluntarily outside of the bankruptcy process." Delaney v. Messer, No. 22-CV-1664 (AMD), 2023 WL 2614099, at *11 (E.D.N.Y. Mar. 20, 2023), appeal dismissed sub nom. In re Delaney, No. 23-434, 2023 WL 6618118 (2d Cir. July 12, 2023), cert. denied sub nom., Delaney v. Messer, 144 S. Ct. 593, 217 L. Ed. 2d 316 (2024).

Plaintiff's penchant for vexatious litigation has now risen from the frivolous to the abusive. He manufactures a new round of federal and state claims, lacking any objective merit, just for another bite at the apple. In doing so, he further reveals his malicious and improper motive by including HC2's General Counsel, and even HC2's former *outside* counsel, as named defendants. Regardless, given Plaintiff's inability to state a claim based on post-settlement conduct, as well as the numerous prior adjudications of Plaintiff's rights, this court should dismiss Plaintiff's complaint without leave to re-plead.

## PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

In or around March 2020, Plaintiff had been working as a document review attorney for HC2 for just under six months, when the project that he was working on was suspended indefinitely due to the Covid-19 Pandemic. On April 13, 2020, Christopher Beres, a Florida attorney, sent a communication on Plaintiff's behalf to Akio Toyoda in Tokyo, Japan, demanding payment of $450,000 within one day for claimed economic damages flowing from Plaintiff's purported wrongful discharge. See HC2, Inc. v. Delaney, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 at ¶6.

The following day, April 14, 2020, Plaintiff sued Toyota and its president in a Florida state court, identifying both by name ("the Florida Complaint").[1] Defendant HC2 then filed an Order to Show Cause and Complaint against Plaintiff in the District Court for the Southern District of New York ("S.D.N.Y.") ("District Court Action"), seeking to enjoin Plaintiff from further releasing confidential information. On June 3, 2020, Defendant's application for a

---

[1] On December 30, 2020, the Florida Court, after holding hearings, issued an order sealing a multitude of Complaint paragraphs because they revealed Toyota's "confidential, attorney-client privileged and attorney work product information." See Sealing Order Granting Defendant's Motion to Determine Confidentiality of Court Records Pursuant to Fla. R. Jud. Admin.

preliminary injunction was denied, although HC2's complaint against Plaintiff remained. See HC2, Inc. v. Delaney, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 65.

On May 13, 2020, Plaintiff filed his answer and first set of counterclaims in the District Court Action, which included claims like defamation, abuse of process, and a retaliation claim under New York Labor Law § 740. The court granted HC2's motion to dismiss Plaintiff's counterclaims, while granting Plaintiff leave to amend ("Amended Counterclaims"). On December 18, 2020, the Court dismissed the Amended Counterclaims in a thirty-two page Opinion and Order.  See HC2, Inc. v. Delaney, 510 F.Supp.3d 86 (S.D.N.Y. 2020).

Five days later, on December 23, 2020, Plaintiff filed for bankruptcy in the Eastern District of New York ("E.D.N.Y."), without alerting HC2 or the S.D.N.Y. See Amended Complaint at ¶10; In re: Andrew John Delaney, 20-44372-JMM (Br. E.D.N.Y. 2020) (the "Bankruptcy Action"). In or around February 2021, Defendants uncovered Plaintiff's bankruptcy filing in the E.D.N.Y., and alerted the S.D.N.Y., which stayed all prior proceedings. See HC2, Inc. v. Delaney, 20-cv-3178 at ECF No. 122, 126-27.

On March 16, 2021, Delaney re-filed his claims under New York Labor Law, but this time in state court. Those claims were dismissed on September 13, 2021. See Andrew Delaney v. HC2, Inc. d/b/a Hire Counsel, Ind., No. 651740/21 (N.Y. Cty. Sup. Ct.) (Tisch, J.), Doc. Nos. 49, 54. Notably, the court granted HC2's motion to dismiss "without opposition." Id. at Doc. No. 54. The court also partially sealed Plaintiff's complaint because it found that the "subject paragraphs contain confidential, privileged and/or non-public information or were otherwise only known to plaintiff through his contract work…." Id. at Doc. No. 49.

---

2.420(c)(9), John Doe v. Toyota Motor Corp., Toyota Motor North America, Inc., and Akio Toyota, No. 05-2020-CA-024281 (18th Fla. Cir. Ct., Dec. 30, 2020).

3

On October 6, 2021, the court in the Bankruptcy Action approved a settlement ("Settlement Agreement") between the trustee of Delaney's bankruptcy estate, Gregory Messer (the "Bankruptcy Trustee"), and HC2, for $25,000. See In re: Delaney, 20-44372-JMM at ECF No. 116. That Settlement Agreement included a release of the already dismissed counterclaims asserted by Delaney, which were the property of the bankruptcy estate, as an effort to prevent any further litigation by Plaintiff. See id. at Ex. B, ¶ 3. As the E.D.N.Y. would later note, "the settlement provided that 'HC2's agreement to pay the Settlement Sum is in no way a reflection or acknowledgement . . . of any liability or indebtedness owed to Delaney,' but an effort to avoid further litigation costs." See Delaney v. Messer, 1:22-cv-04805-AMD (E.D.N.Y.), ECF No. 12 at 3.

On July 11, 2022, Plaintiff filed an action in New York state court alleging violations of New York Labor Law § 740 based on purported protected activity from prior to the filing of the Bankruptcy Action. See Andrew Delaney v. HC2, Inc. d/b/a Hire Counsel, Ind., No. 100690/22 (N.Y. Cty. Sup. Ct.) (Latin, R.). On December 22, 2022, the court dismissed Plaintiff's complaint and enforced the Settlement Agreement, finding that Plaintiff's pre-petition claims had been released, and were therefore precluded. See id. at Doc. No. 18.  On November 30, 2023, the First Department subsequently affirmed the dismissal of the action. See id. at Doc. No. 27.

On August 15, 2022, Plaintiff appealed the bankruptcy court's decision to deny Plaintiff's application to dismiss the Bankruptcy Action. See Delaney v. Messer, 1:22-cv-04805-AMD (E.D.N.Y.) at ECF No. 1. On March 20, 2023, the court dismissed Plaintiff's appeal. Id. at ECF 12. In its decision, the court noted that, in addition to repeatedly changing his addresses, from Manhattan, to the Bronx, in March 2021, and ultimately to the Philippines, in 2022, Plaintiff "checked 'No' and listed '$0'," in the schedule attached to Plaintiff's bankruptcy application in response to an instruction to list any claims he had against third-parties. Id., ECF No. 12 at 2.

4

The E.D.N.Y. also noted that Plaintiff answered "No" when asked "whether he had a claim against any person or business, was suing anyone for any reason or had any claims upon which he could bring a lawsuit" at the § 341 bankruptcy meeting. Id. In fact, he had seven. Id.  In dismissing Plaintiff's appeal of the denial of his motion to dismiss, the Court found that:

> The debtor "simply wants this Court to weigh the relevant facts differently than the Bankruptcy Court and to reach the opposite result." Barcelona Cap., 2023 WL 363067, at *6. Nor has the debtor demonstrated any exceptional circumstances warranting leave to appeal. On the contrary, the debtor's repeated failure to disclose pending litigations—and, consequently, potential assets that could result from those litigations—make dismissal particularly inappropriate; his lack of candor reflects his unwillingness to pay his creditors voluntarily outside of the bankruptcy process. See In re Livecchi, No. 9-20897, 2014 WL 6655702, at *3 (Bankr. W.D.N.Y. Nov. 20, 2014) ("The Debtor's tactics during the course of this bankruptcy case—including, for example, his continuing refusal to comply with the Court's order to turn over four non-exempt vehicles as property of the Estate . . . — do[] not suggest to the Court that creditors will fare better in obtaining payment if the Debtor is granted dismissal."); In re Bruckman, 413 B.R. 46, 51 (Bankr. E.D.N.Y. 2009) ("[D]ismissal of a case after it has appeared that the debtor failed to account honestly for his assets is not to be sanctioned, for such a failure indicates the likelihood of further questionable practices to the detriment of creditors." (quoting In re Schwartz, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986))). Accordingly, I deny the debtor leave to appeal the bankruptcy judge's denial to dismiss his petition.

Id., ECF No. 12 at 24-25.  Plaintiff has since filed numerous additional appeals.[2]

---

[2] Per Judge Liman's Order, HC2 and Gregory Messer, as Chapter 7 Trustee, filed a routine status report on June 21, 2024. The status report summarizes Plaintiff's abusive litigation practices: "Mr. Delaney has filed a total of five appeals of Bankruptcy Court orders. The District Court dismissed four of the appeals, with the fifth currently pending with the District Court and fully briefed. Of the four previously dismissed by the District Court, three were dismissed by the Second Circuit, with one appeal pending with the Second Circuit, fully briefed. With respect to the three appeals dismissed by the Second Circuit, Mr. Delaney filed a petition for a Writ of Certiorari, which was denied. Mr. Messer anticipates the bankruptcy case will remain open at least another six months, pending resolution of various appeals filed the Debtor, and the administration of the bankruptcy case." See HC2, Inc. v. Delaney, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 182.

On June 6, 2024, Plaintiff filed a complaint in the Supreme Court of New York, New York County, against defendants HC2, General Counsel Stephanos Zannikos ("Zannikos"), and former outside counsel Michael John Esker Nacchio ("Nacchio") (collectively "HC2 Defendants"), alleging claims for: 1) violation of New York Judiciary Law § 487; 2) Conspiracy to Violate N.Y. Jud. Law § 487; 3) Negligent Infliction of Emotional Distress; 4) Breach of Contract; and 5) violation of New York Labor Law § 740 (the "First NY Action"). On June 14, 2024, Plaintiff amended his Complaint to add a claim for employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"); and a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Delaney vs. HC2, Inc. et al., 1:24-cv-05211 (S.D.N.Y. June 6, 2024) (Liman, J.),

On July 10, 2024, co-defendant Toyota Motor North America, Inc., moved to remove the case from state court to the S.D.N.Y. The HC2 Defendants consented to removal. On July 17, 2024, pursuant to Federal Rule of Civil Procedure 81(c), HC2 Defendants moved this court to dismiss the Amended Complaint in its entirety, with prejudice. Shortly, thereafter, Plaintiff voluntarily dismissed the matter.

During the pendency of the First NY Action, on May 24, 2024, Plaintiff filed another action in the Superior Court of Massachusetts, Suffolk County, alleging, among other things, defamation by Defendant HC2 (the "Mass. Action"). Delaney vs. HC2, Inc. et al., 2484CV01386 (Mass. Super. May 24, 2024), Dkt. No. 1. Notably, Defendant HC2's supposed defamatory conduct was based primarily on statements made during the litigation of the Bankruptcy Matter.

Plaintiff did not serve Defendant HC2 until July 12, 2024. Shortly thereafter, Wilmer Hale, a defendant in the Mass. Action, moved to transfer the matter to the Business Litigation Session ("BLS"). On July 30, 2024, the motion was granted. Id. at Dkt. No. 11. Shortly

thereafter, Plaintiff moved to transfer the matter back to the "G Track." Id. at Dkt. No. 12. On August 8, 2024, the court denied Plaintiff's motion. Id. Four days later, Plaintiff voluntarily dismissed the Mass. Action. Id. at Dkt. No. 14.

Shortly after the court granted Wilmer Hale's  motion to transfer the Mass. Action to the BLS, on August 5, 2024, Plaintiff filed another Summons and Complaint ("Second NY Action") in the Supreme Court of New York, New York County, virtually mirroring the Complaint in the first NY Action. ECF. No. 1-1. Although Plaintiff has since amended the Second NY Action Complaint several times,  the Amended Complaint is still substantially similar to the complaint in the First NY Action, alleging identical causes of action, and containing only minimal, inconsequential edits to the factual allegations. Cf. Delaney, 1:24-cv-05211 at ECF No. 1; ECF. No. 1-3 ("Amend. Comp.").

**ARGUMENT**

Plaintiff's Amended Complaint fails to state a claim for relief on all counts, and should be dismissed accordingly. See Fed. R. Civ. P. 12(b)(6) ("A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted.").

## I.    MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). When considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." U.S. v. Space Hunters, Inc., 429 F.3d 416, 424 (2d Cir. 2005).

7

However, a pleading must allege more than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Allegations of fact "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must "provide the 'grounds' of [his] 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Further, the Court need not accept as true any of Plaintiff's "conclusions of law or unwarranted deductions of fact" contained in his Complaint. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (stating that motions to dismiss under Rule 12(b)(6) are granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Plaintiff's Amended Complaint, even if accepted as true, fails to state claims under the Americans with Disabilities Act, Title VII, N.Y. Judiciary Law, or N.Y. Labor Law, and fails to plead causes of action for breach of contract or negligent infliction of emotional distress. For the following reasons, the court should dismiss Plaintiff's claims with prejudice.

## II.    PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED

Plaintiff has failed to exhaust his administrative remedies before bringing claims under the ADA and Title VII, and has otherwise failed to state *prima facie* cases of discrimination or retaliation. As a result, Plaintiff's federal claims should be dismissed with prejudice.

### A. PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE PURSUING HIS FEDERAL CLAIMS

Prior to filing suit in federal court under Title VII or the ADA, a plaintiff must exhaust their administrative remedies by filing a complaint with the EEOC. See Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a

8

plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC."); Henry v. Wyeth Pharmaceuticals, Inc., 2007 WL 2230096, at *28 (S.D.N.Y. July 30, 2007); see also Nat'l R.R. Passenger Corp. ("AMTRAK") v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061 (2002). A failure to timely file an EEOC charge results in the dismissal of federal claims. See Morgan, 536 U.S. at 109 ("A claim is time barred if it is not filed within these time limits."). The purpose of this administrative exhaustion requirement is to put the "EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, thereby avoiding unnecessary action in court." See Webb v. City of Phila., 562 F.3d 256, 262 (3d Cir. 2009).

Thus, "the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement that, like a statute of limitations, is subject to [equitable defenses]." Maurice Oparaji v. Teachers' Retirement System of the City of New York, et al., No. 23-CV-5212 (KMW), 2024 WL 3046120, at *5–6 (S.D.N.Y. June 18, 2024) (citing Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489-91 (2d Cir. 2018) (alterations in original)).[3] To that end, "[i]n New York, a federal employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 300 days of the alleged discrimination." Kaba v. Hope Home Care, No. 23CV9512OEMLB, 2024 WL 1679327, at *2 (E.D.N.Y. Apr. 18, 2024); see also Fowlkes v. Ironworkers Loc. 40, 790 F.3d 378, 384 (2d Cir. 2015) ("The administrative exhaustion requirement applies to pro se and counseled plaintiffs alike.").

---

[3] "Although Plaintiff is not required to plead and prove that [he] has met these requirements a defendant may raise failure to exhaust as a defense that precludes relief on a complaint that states an otherwise viable federal discrimination claim. Plaintiff should provide information in the amended complaint about any steps [he] has taken to exhaust [his] administrative remedies."

Here, Plaintiff alleges claims under the ADA (see Amend. Comp. - Sixth Claim for Relief), and Title VII (see Amend. Comp.– Seventh Claim for Relief), without first having obtained a right to sue letter from the E.E.O.C. Plaintiff had 300 days from the date of his termination to file a charge of discrimination with an administrative agency. Because he failed to do so, and because filing with the E.E.O.C. is a jurisdictional pre-requisite, Plaintiff is barred from alleging such claims. Accordingly, HC2 Defendants respectfully request that the court dismiss Plaintiff's federal claims with prejudice.

## B. PLAINTIFF OTHERWISE FAILS TO PLEAD SUFFICIENT FACTS THAT WARRANT RELIEF UNDER THE ADA OR TITLE VII

Even if Plaintiff's federal claims are not barred for failure to exhaust administrative remedies, they should otherwise be dismissed as Plaintiff fails to allege sufficient facts to establish *prima facie* cases of employment discrimination or retaliation.

### i.    EMPLOYMENT DISCRIMINATION UNDER THE ADA

To establish a *prima facie* case of employment discrimination under the ADA, Plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." Kaba v. Hope Home Care, No. 23CV9512OEMLB, 2024 WL 1679327, at *3 (E.D.N.Y. Apr. 18, 2024) (citing Kinneary v. City of New York, 601 F.3d 151, 155–56 (2d Cir. 2010)); see also Adams v. Festival Fun Parks, LLC, 560 Fed.Appx. 47, 48–49 (2d Cir. 2014) (citing McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013)). While

---

Windley/Edwards v. NYC Dep't of Educ., No. 24-CV-2875 (LTS), 2024 WL 2786736, at *3fn3 (S.D.N.Y. May 29, 2024).

complaints should be afforded a liberal reading, merely repeating the elements of a cause of action, without more, merits dismissal. See Bell Atl. Corp., 550 U.S. at 555.

Here, Plaintiff is unable to allege that he suffered an adverse employment action since his employment ended in March 2020, and instead relies on conduct that occurred during litigation following the approval of the Settlement Agreement. However, an employment discrimination claim requires that the plaintiff suffer an "adverse *employment* action," which is defined as "a materially adverse change in the terms and conditions of employment. . . [e]xamples of [which] include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." Danielle Olsen, v. South Huntington Union Free School District, et al., No. 21-CV-5464 (ARL), 2024 WL 3178615, at *11 (E.D.N.Y. June 26, 2024). Plaintiff makes no such allegations here, baldly asserting four years after the fact that Defendants' "actions against the plaintiff violated the Americans with Disabilities Act," without setting forth the adverse employment action taken against him. Putting aside the conclusory allegation that Plaintiff was disabled under the ADA, Plaintiff fails to draw any nexus between Defendants' alleged post-Settlement Agreement actions, and Plaintiff's separation from employment in March 2020. Thus, even accepting Plaintiff's allegations as true, Plaintiff fails to state a claim for discrimination under the ADA. Accordingly, Plaintiff's claims should be dismissed with prejudice.

### ii.    RETALIATION UNDER TITLE VII

Plaintiff similarly fails to plausibly allege a claim for retaliation under Title VII. To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that: "(1) he or she participated in protected activity, (2) the defendant knew of the protected activity, (3) the plaintiff suffered an adverse employment action, and (4) there was a causal connection between

11

the protected activity and adverse employment action." <u>Foy v. New York State Unified Ct. Sys.</u>, No. 23-CV-656 (KAM) (SJB), 2024 WL 3270711, at \*5 (E.D.N.Y. July 2, 2024). Plaintiff must show that any purported retaliation occurred because he "opposed any practice made an unlawful employment practice by Title VII." <u>Id.</u> 2024 WL 3270711, at \*4.

While Plaintiff generically, and falsely, alleges that Defendants retaliated against him by giving negative references to prospective employers, he wholesale fails to connect such purported negative references to his opposition of conduct "made an unlawful employment practice by Title VII." <u>Id.</u> Title VII, in relevant part, prohibits employers from discriminating against employees on the basis of their "race, color, religion, sex, or national origin." <u>Id.</u> It also prohibits retaliation against those who oppose discriminatory practices.

Here, Plaintiff does not plausibly allege that he opposed discrimination prohibited under Title VII. Plaintiff has not allege that he filed a complaint, charge, or otherwise opposed alleged misconduct by HC2 Defendants based on "race, color, religion, sex, or national origin." Nowhere does Plaintiff claim that he opposed discriminatory conduct during his tenure or anytime thereafter – just that he "opposed unlawful employment practices." Without more, which Plaintiff cannot provide because it did not happen, Plaintiff's claims of retaliation must fail. Accordingly, the HC2 Defendants[4] respectfully request that the court also dismiss Plaintiff's Title VII claims with prejudice.

---

[4] While the Amended Complaint does not expressly state that the Federal Claims are being brought against only the corporate defendants, we note that there is no individual liability under Title VII or the ADA. <u>See</u> <u>Workneh v. Pall Corp.</u>, 897 F. Supp. 2d 121, 129 (E.D.N.Y. 2012) (holding that "Plaintiff's claims of discrimination against each of the Individual Defendants are dismissed because there is no individual liability under Title VII"); <u>Rhoda v. Cent. Hudson Gas & Elec. Corp.</u>, 2024 U.S. Dist. LEXIS 48465, at \*10 (S.D.N.Y. Mar. 16, 2024) ("There is no individual liability under the ADA."). Thus, to the extent the Amended Complaint purports to bring claims against the individual defendants under the ADA or Title VII, such claims should be dismissed.

### III.    PLAINTIFF'S STATE LAW CLAIMS SHOULD ALSO BE DIMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

Because this court has supplemental jurisdiction over Plaintiff's state law claims by virtue of its federal question jurisdiction, HC2 Defendants respectfully request that the court exercise its jurisdiction and dismiss Plaintiff's state law claims with prejudice as well.[5] As indicated below, Plaintiff's state law claims are inextricably intertwined with his federal claims as Plaintiff bases both sets of claims on conduct that allegedly occurred post-employment, during the prosecution of Plaintiff's many actions with Defendants. Indeed, Plaintiff's false claims of deceitful statements by Defendants Nacchio and Zannikos are premised on portions of the court's ruling on HC2's application for a Preliminary Injunction, which itself stemmed from employment claims filed by Plaintiff in the Florida Complaint.[6] Accordingly, the court should retain supplemental jurisdiction because Plaintiff's claims do not raise novel or complex issues of state law, are inextricably intertwined with Plaintiff's federal claims, and the traditional notions of judicial economy, convenience, fairness, and comity, all favor the individual defendants, who would be prejudiced if they have to re-litigate these claims in state court.[7]

---

[5] Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 326 (2d Cir. 2001) ("[A]s a general matter, § 1367 expands supplemental jurisdiction to all claims and all parties that are part of the same constitutional case over which there exists independent federal jurisdiction").

[6] See Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (". . . . once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory. In order for a district court to decline to exercise supplemental jurisdiction, where section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c).").

[7] See Catzin, 899 F.3d at 85 ("If one of the § 1367(c) categories applies, the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction. If one of those categories applies, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in Gibbs: economy, convenience, fairness, and comity.").

## A. PLAINTIFF'S ALLEGATIONS UNDER N.Y. JUDICIARY LAW § 487 FAIL BECAUSE PLAINTIFF DOES NOT ALLEGE ACTIONABLE CONDUCT THAT OCCURRED IN A NEW YORK COURT

Plaintiff's claims under Judiciary Law § 487 fail first and foremost because Plaintiff does not plausibly allege any purported misconduct that occurred in a New York court. The "purpose of Section 487 is to allow New York courts to supervise the conduct of attorneys admitted before their bar. As such, most courts have found that [t]he reach of Section 487 extends only to misconduct by attorneys in connection with proceedings before New York courts." In re Fierro, 616 B.R. 596, 607 (Bankr. E.D.N.Y. 2020) (alterations in original) (internal quotation marks omitted) (citing All. Network, LLC v. Sidley Austin LLP, 987 N.Y.S.2d 794, 807 (N.Y. Sup. Ct. 2014); Schertenleib v. Traum, 589 F.2d 1156, 1166 (2d Cir. 1978)). Courts have repeatedly found that where "alleged deceitful conduct occurred in an ongoing federal action, rather than in state court," Section 487 does not apply. See id. (citing Lindner v. Am. Exp. Corp., 2009 WL 54493, at *1 (S.D.N.Y. Jan. 8, 2009); Kaye Scholer LLP v. CNA Holdings, Inc., 2010 WL 1779917, at *1 (S.D.N.Y. Apr. 28, 2010) (dismissing a Section 487 claim on the basis that the conduct did not occur before a New York state court)).

Here, the gravamen of Plaintiff's Amended Complaint is that Defendants Zannikos and Nacchio allegedly repeatedly referred to Plaintiff's demand letter as an "extortion" in various filings throughout Plaintiff's various matters with Defendants in federal court. See Amend. Comp. at ¶¶ 12-47. Regardless of the truth of these allegations, which HC2 Defendants vehemently deny, the fact of the matter is that none of the alleged instances of "deceit" occurred in State Court. Plaintiff repeatedly refers to filings made in the Bankruptcy Action before the Eastern District of New York, as well as purported statements made to Plaintiff's Bankruptcy Trustee, but not to actual statements made to a New York state or local court. Since Plaintiff

14

alleges primarily misconduct in the Bankruptcy Action, these claims should be dismissed with prejudice. In re Fierro, 616 B.R. at 607 ("[t]he reach of Section 487 extends only to misconduct by attorneys in connection with proceedings before New York courts").

Additionally, as to Defendant Nacchio, he was not HC2's attorney in the Bankruptcy matter. Furthermore, Plaintiff falsely attributes a quote to Nacchio in the sole allegation concerning a statement made in state court. Specifically, Plaintiff falsely alleges in Paragraph 20 of the Amended Complaint that: "On March 25, 2021, in a state court case, Nacchio **wrote** in a sworn affirmation: 'Finally, the lawyer who was assisting the plaintiff in carrying out his scheme to extort a significant payment from the Corporate Client, is the same lawyer who signed and caused to be filed the State Court Complaint.'" See Amend. Comp. at ¶ 19. Defendant Nacchio did not write that statement, however, nor does it appear anywhere in his affirmation.

That specific quote appears in paragraph 31 of the Verified Complaint drafted by Kasowitz Benson Torres LLP, which HC2 filed against Plaintiff in the **Southern District of New York**. See HC2, Inc. v. Delaney, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 at ¶ 31. While Defendant Nacchio's affirmation in the state court case attached the SDNY complaint, never in his Affirmation did Defendant Nacchio "accuse the plaintiff of extortion," as Plaintiff so claims. Delaney v. HC2 Inc. d/b/a/ Hire Counsel, 651740/2021 at Doc. Nos. 8-9. This quote falsely attributed to Defendant Nacchio is the **sole** factual allegation against him, and the only allegation of a deceitful statement made in state court. Because the quote cannot be attributed to Nacchio, the claim should be dismissed as to him, and because it is the only allegation of misconduct in state court, the claim should be dismissed in its entirety.

Further, the Verified Complaint that contained the alleged deceitful statement was attached to Nacchio's Affirmation only "by way of background." Thus, even if the subject quote

15

could be attributed to Nacchio, which it cannot, the inclusion of the Verified Complaint with the Affirmation shows not an intent to deceive, but rather a perfectly proper intent to inform the court of the procedural history of the matters between Plaintiff and Defendants. Accordingly, Plaintiff's claims under Judiciary Law Section 487 fail, and should be dismissed with prejudice.

### B. PLAINTIFF HAS WAIVED ANY CLAIMS UNDER N.Y. JUDICIARY LAW § 487 BY FAILING TO RAISE SUCH CLAIMS IN THE UNDERLYING LITIGATIONS

Defendants Zannikos and Nacchio submit that Plaintiff also has no standing to bring a Judiciary Law § 487 claim against them. See Lipin v. Hunt, No. 14-cv-1081 (RJS), 2015 U.S. Dist. Lexis 35700, at *10 (S.D.N.Y. Mar. 20, 2015) ("in the absence of an attorney-client relationship, plaintiffs lack standing to bring attorney misconduct claims pursuant to New York Judiciary Law § 487" (citing Rogath v. Koegel, No. 96-cv-8729 (DAB), 1998 WL 695668, at *4 n.10 (S.D.N.Y. Oct. 6, 1998) ("Having determined that Defendant owed no duty to Plaintiff because Defendant represented Plaintiff's adversary, Plaintiff's . . . claims, for violation of Judiciary Law § 487, interest and attorney's fees, are dismissed because Plaintiff has no standing to bring these claims."))).

Even if Plaintiff has standing, however, and even if Defendants Zannikos and Nacchio's purported statements were actionable, which they are not, Plaintiff has waived any such claims by failing to raise them in the subject litigations themselves. "[N]umerous courts have held that a parties' remedy for a violation of Section 487 stemming from an attorney's actions in a litigation lies exclusively in that lawsuit itself . . . not a second plenary action." In re Fierro, 616 B.R. at 607 (citing All. Network, LLC, 987 N.Y.S.2d at 802; Yalkowsky v. Century Apartments Assoc.,

16

626 N.Y.S.2d 181 (1st Dep't 1995)).[8] Since Plaintiff's claims lie in statements made in the federal actions, any possible cause of action was waived by not pursuing them in that action.[9]

Further, while there is a limited exception which allows "a separate lawsuit . . . where the alleged perjury or fraud in the underlying action was merely a means to the accomplishment of a larger fraudulent scheme," here, Plaintiff has not alleged a larger fraudulent scheme. Plaintiff claims that Defendants Zannikos and Nacchio repeatedly stated that he engaged in "extortion" with the express purpose of causing him harm in the respective lawsuits.

Accepting Plaintiff's allegations as true, although they are not, Plaintiff does not allege how Defendants Zannikos and Nacchio's alleged deceitful statements were part of a larger fraud.[10] Accordingly, Plaintiff's claims under the Judiciary Law Section 487 should be deemed waived, and dismissed with prejudice.

### C. PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT DEFENDANTS ACTED WITH INTENT TO DECEIVE OR OTHERWISE ENGAGED IN "EGREGIOUS CONDUCT" AS REQUIRED UNDER JUDICIARY LAW § 487

As an initial matter, Plaintiff's Judiciary Law § 487 claims also fail because he cannot establish that Defendants proximately caused his alleged injury. See Gumarova v. Law Offices of Paul A. Boronow, P.C., 129 A.D.3d 911 (2d Dep't 2015); Schweitzer v. Mulvehill, 93 F.

---

[8] See also In re Swift, No. 94-10285-CEC, 2016 WL 355515, at *5–6 (Bankr. E.D.N.Y. Jan. 28, 2016); Chibcha Rest., Inc. v. David A. Kaminsky & Assocs., P.C., 958 N.Y.S.2d 135, 137 (N.Y. 2013).

[9] But see Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 455–56 (E.D.N.Y. 2013) ("New York has traditionally accorded an absolute privilege to oral or written communications made in the course of judicial proceedings and which relate to the litigation.").

[10] Contrary to Plaintiff's complaints regarding a conspiracy between HC2 and Toyota, the court also held, in dismissing Plaintiff's "abuse of process" amended counterclaim, that Plaintiff sued Toyota in Florida in 2020 and, "if [Toyota] ha[s] sought HC2s help and HC2 has provided it, there is nothing Plaintiff alleges that would create any liability for such cooperation." Id. at 108.

Supp. 2d 376 (S.D.N.Y. 2000). The decision on Plaintiff's motion to dismiss his Bankruptcy Action makes clear that the courts' refusal to dismiss it was premised heavily upon Plaintiff's own "lack of candor," and not based on allegations of "extortion" allegedly made by Defendants. See Delaney v. Messer, 1:22-cv-04805-AMD (E.D.N.Y.) at ECF No. 12 at 24-25.

However, even if Plaintiff could establish causation and damages, and even if he has not waived his claims under Judiciary Law Section 487, his Amended Complaint nonetheless fails to sufficiently allege that Defendants Zannikos and Nacchio acted with an intent to deceive, or otherwise engaged in egregious or extreme conduct. Relief under "Judiciary Law § 487 is not lightly given and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys that caused damages." Facebook, Inc. v. DLA Piper LLP (US), 23 N.Y.S.3d 173, 178 (2015) (internal quotation marks omitted) (citing Savitt v. Greenberg Traurig, LLP, 5 N.Y.S.3d 415 (1st Dept.2015). Although one instance of misconduct can suffice, Plaintiff must still show an underlying "deceit that reaches the level of egregious conduct." Breuninger, et al. v. Williams et al., No. 20 CIV. 7033 (JPC), 2024 WL 3088770, at *7 (S.D.N.Y. June 20, 2024); Chowaiki & Co. Fine Art Ltd. v. Lacher, 982 N.Y.S.2d 474 (1st Dept. 2014)); Suzuki v. Greenberg, 198 N.Y.S.3d 683 (2023), leave to appeal denied, 41 N.Y.3d 908 (2024) (finding one instance of misconduct "egregious" enough on its own where "defendant had intentionally failed to apprise the court of [a] custody order, thus affirmatively misrepresenting the existence of adverse information relevant to the proceedings"). Allegations of "an act of deceit or intent to deceive must be stated with particularity [and] the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient." Id. (citing Armstrong v. Blank Rome LLP, 126 A.D.3d 427, 427 (N.Y. Sup. Ct., 1st Dept.2015); Briarpatch Ltd., L.P. v.

18

Frankfurt Garbus Klein & Selz, P.C., 787 N.Y.S.2d 267 (1st Dept.2004); Agostini v. Sobol, 757 N.Y.S.2d 555 (1st Dept. 2003)).

Further, the bar for recovery under Judiciary Law Section 487 is high, and even the "[a]ssertion of unfounded allegations in a pleading . . . for improper purposes, does not provide a basis for liability under [Judiciary Law § 487]." Ticketmaster Corp. v. Lidsky, 665 N.Y.S.2d 666, 667 (1997) (internal citations and quotation marks omitted) (alterations in original). To that end, "numerous New York State courts interpreting the statute, as well as federal courts construing the state court decisions, have concluded that liability attaches under these Statutes only if the deceit is extreme or egregious." Ray v. Watnick, 182 F. Supp. 3d 23, 29–32 (S.D.N.Y. 2016), as amended (May 3, 2016), aff'd, 688 F. App'x 41 (2d Cir. 2017).

Here, Plaintiff's Amended Complaint does not meet this high standard. Even if we accept Plaintiff's allegations as true, referring to a demand letter as an "extortion" attempt is not nearly as extreme or egregious as making unfounded allegations "for improper purposes" (Ticketmaster Corp., 245 A.D.2d at 143) which itself does not even meet Section 487's "rigorous standard" (Ray, 182 F. Supp. 3d at 29–32). The alleged statements regarding "extortion" fall "well within the bounds of the adversarial proceeding" where attorneys have "wide latitude in the course of litigation to engage in written and oral expression consistent with responsible, vigorous advocacy." Ray, 182 F. Supp. 3d at 29–32 (dismissing as not "extreme or egregious" claims of false statements by an attorney that one party (the husband) had confessed to physically abusing the other party (the wife)).

Further, Plaintiff's claims regarding HC2's proof of claim similarly fail to meet the high standard under Judiciary Law Section 487. Plaintiff alleges that HC2 knowingly submitted a fraudulent proof of claim in his bankruptcy matter for attorneys' fees, which was allegedly fraudulent

19

because Judge Liman did not Order the payment of attorneys' fees, and because HC2 did not win

its motions for a temporary restraining order or preliminary injunction. However, HC2 still had

viable claims for breach of contract which, if successful, would have required Plaintiff to

indemnify HC2 for the attorney's fees it claimed, as well as a viable claim for breach of the duty

of loyalty and faithless servant. Indeed, these claims remain viable to this day as that matter is

stayed pending Plaintiff's Bankruptcy. Thus, there was nothing fraudulent or deceitful about

HC2's proof of claim, regardless of the fact that it eventually withdrew it. Accordingly,

Plaintiff's claims fail to allege deceitful conduct that is extreme or egregious enough to be

actionable, and should be dismissed with prejudice.

### D. PLAINTIFF'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE PLAINTIFF CANNOT ALLEGE ANY FACTS TO DEMONSTRATE THAT HE FEARED FOR HIS SAFETY OR THAT DEFENDANTS IN ANY WAY ENDANGERED HIS PHYSICAL SAFETY

Plaintiff's negligent infliction of emotional distress claim also fails because Plaintiff does

not allege facts demonstrating that he feared for his safety or that his physical safety was

endangered in any way. A claim for negligent infliction of emotional distress "generally requires

a plaintiff to show a breach of a duty owed to him or her which unreasonably endangered his or

her physical safety or caused him or her to fear for his or her own safety" Hoxha v. Pantalone, 82

Misc. 3d 1239(A), 208 N.Y.S.3d 485 (N.Y. Sup. Ct. 2024) (citing Chiesa v McGregor, 209

AD3d 963, 966 (2d Dept 2022); Taggart v Costabile, 131 AD3d 243, 255-256 (2d Dept 2015)).

Courts have found that "[e]motional injury is generally compensable only when it is the direct,

rather than consequential, result of the breach of a duty owed" and that "while there may be

recovery for emotional trauma in the absence of physical injury, evidence must be produced that

20

is sufficient to guarantee the genuineness of the claim." Brown v. New York Design Ctr., Inc., 185 N.Y.S.3d 97, 100 (2023).[11]

Here, Plaintiff does not allege any facts to show that HC2 Defendants owed him any duty. See Sec. III.B., supra. Plaintiff's claims are based on alleged post-Settlement Agreement actions, however, Plaintiff does not allege any relationship between himself and HC2 Defendants, post-Settlement Agreement, which would give rise to any duties of care.

Nor do Plaintiff's allegations suggest that he feared for his safety or that HC2 Defendants unreasonably endangered his physical safety. Plaintiff alleges misconduct in that HC2 Defendants "lied to the courts and falsely accused the plaintiff of extortion, even after a federal judge determined otherwise, and fraudulently interfered in his bankruptcy case, filed a false and fraudulent proof of claim, and prevented the plaintiff from voluntarily dismissing his bankruptcy case even after they had withdrawn from the case with prejudice." Amend. Comp. at ¶ 67.

Plaintiff's claims, even if true, which they are not, do not allege any threat to his physical safety, or that he feared any such threat. Accordingly, Plaintiff does not establish a *prima facie* case of negligent infliction of emotional distress.[12] As a result, Plaintiff's claims for negligent infliction of emotional distress should be dismissed with prejudice.

### E. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS BECAUSE ANY CLAIM FOR BREACH OF THE SETTLEMENT AGREEMENT LIES

---

[11] See also A. R. v. City of New York, 170 N.Y.S.3d 180, 182–83 (2022) ("A cause of action to recover damages for negligent infliction of emotional distress, which no longer requires physical injury as a necessary element, generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety" (internal citation and quotation marks omitted) (alterations in original)).

[12] See Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 315 (E.D.N.Y. 2016) (dismissing "[t]he claim of negligent infliction of emotional harm against both the District and the Individual District Defendants . . . given the absence of facts which plausibly assert that plaintiff's physical safety was endangered or that he plausibly feared for his physical safety").

### WITH THE BANKRUPTCY ESTATE AND NOT PLAINTIFF

As a threshold matter, Plaintiff does not have standing to bring a breach of contract claim based on the Settlement Agreement between his Bankruptcy Estate and HC2. The Settlement Agreement specifically states that it pertains to "pre-petition claims," which it defines as all "claims, counterclaims and arguments asserted by the Delaney Complaint, the HC2 Counterclaims, the Dismissal Appeal, the Sanctions Motion and the Seal Appeal [that] arose pre-petition and belong to the Estate." See In re: Delaney, 20-44372- JMM at ECF No. 116.

Clearly, this Settlement Agreement was between HC2 and Plaintiff's Bankruptcy Estate, not Plaintiff. Thus, to have standing to bring a breach of contract claim under the Settlement Agreement, Plaintiff would need to show that he was a "party in interest" to the Settlement Agreement, requiring a showing of "at least a reasonable possibility" of a "surplus after all creditors' claims are paid." See In re: Maura E. Lynch, 15-74795-AST (Br. E.D.N.Y. 2021). Absent a "pecuniary interest that is directly or adversely affected by the Court's approval of [a] settlement agreement," a Plaintiff lacks standing to challenge or enforce a settlement agreement between their Bankruptcy Estate and their creditors. See id.

According to Plaintiff's Bankruptcy petition, he owed more than $44,434.00 when he declared bankruptcy. In re: Delaney, 20-44372- JMM at ECF No. 1. The HC2 Defendants settled the Bankruptcy Estate's claims against HC2 for $25,000 ("Settlement Amount") – significantly less than the amount Plaintiff owed to creditors. Accordingly, because there was no possibility of a surplus after the Settlement Amount had been disbursed, Plaintiff had, and still has, no pecuniary interest in the Settlement Agreement. Thus, he has no standing to raise issues of breach, which requires dismissal of his Breach of Contract claims with prejudice.

### F. PLAINTIFF OTHERWISE FAILS TO ALLEGE A BREACH OF THE SETTLEMENT AGREEMENT BECAUSE THE SETTLEMENT

22

**AGREEMENT ONLY PROHIBITS DEFENDANTS FROM MAINTAINING CLAIMS AGAINST PLAINTIFF**

Even if Plaintiff has standing, Plaintiff cannot show that HC2 committed a breach by continuing to participate in the Bankruptcy Action. The Settlement Agreement stipulates that "the Trustee, on behalf of the Estate, hereby releases HC2 from any and all actions, damages, demands, claims, potential claims and remedies of any time . . . that were asserted or can be asserted by the Trustee on behalf of the State against HC2 or its shareholders, officers, directors, employees, attorneys, corporate parents, divisions, affiliates, subsidiaries, transferees, insurers, sureties, successors or assigns." Id. at ECF No. 116.  It further stipulates only that "HC2 hereby waives any claims it may have against the Estate." Id.

Additionally, the order withdrawing HC2's bankruptcy claim against Plaintiff ("Withdrawal Order") states only that "Claim 2 of HC2 is hereby withdrawn, with prejudice to HC2's *right to file another proof of claim in this bankruptcy case*." Id. at ECF No. 83. Nothing in the Withdrawal Order, or the Settlement Agreement, however, precludes HC2 from further participating in the bankruptcy, and certainly not if it was to enforce the Agreement, which it was. See id. at ECF No. 95. In fact, the Withdrawal Order specifically contemplates HC2's continued participation by warning that the "entry of this Order does not limit or affect the jurisdiction of this Court over HC2 or over any adversary proceeding currently pending before this Court that involves HC2." See Withdrawal Order.

Plainly, the Agreement and Withdrawal Order only precluded HC2 from "filing another proof of claim in this bankruptcy case" or filing any other Pre-Petition claim against Plaintiff or his Bankruptcy Estate. They did not preclude HC2 from otherwise participating in the Bankruptcy Action, and thus any purported continued participation, to the extent it occurred, was

23

not a breach. Because HC2 never filed another proof of claim, Plaintiff fails to state a claim for breach of contract, requiring such claim be dismissed with prejudice.

### G.  PLAINTIFF FAILS TO ALLEGE RETALIATORY CONDUCT COVERED BY SECTION 740 OF THE NEW YORK LABOR LAW

To state a claim under Section 740, "a plaintiff must plead: (1) activity protected by the statute; (2) retaliatory action; and (3) some causal connection between the protected activity and the adverse action." Callahan v. HSBC Sec. (USA) Inc., No. 22-CV-8621 (JPO), 2024 WL 1157075, at *6 (S.D.N.Y. Mar. 18, 2024) (internal citation and quotation marks omitted). Here, Plaintiff is unable to establish that he engaged in activity protected by the statute, or that there is any causal connection between his purported activity and the alleged retaliations he now claims.

Specifically, Plaintiff alleges that "[s]tarting in March 2022, the plaintiff engaged in the protected activity of complaining to the government about HC2's violation of the law regarding its pension and stock ownership plans by failing to furnish him with a copy of the Summary Plan Description in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the labor laws." Amend. Comp. at ¶ 86. However, Plaintiff does not plead, nor can he plead, any facts to suggest why his not receiving a copy of HC2's Summary Plan Description in *March of 2022*, was a violation of the law. See 29 U.S.C.A. § 1022 (requiring only that "a summary plan description of any employee benefit plan shall be furnished to *participants and beneficiaries* as provided in section 1024(b) of this title").

Plaintiff cannot establish that he was a "participant" or "beneficiary" during his employment, or any time prior to March 2022, when he allegedly requested the Summary Plan. See Amend. Comp. at ¶ 44; see also 29 U.S.C.A. § 1002(7) (defining "participant" to "mean[ ] any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer).

24

This is because the Summary Plan provides that "[t]o become a Participant in the Plan, you must satisfy the following criteria . . . . You must be credited with at least 1 Year of Service," which is defined as a "12-month computation period in which you are credited with at least 1,000 Hours of Service." Ibid. Certification of Stephanos Zannikos ("Zannikos Cert.") at Exhibit A.

Plaintiff's employment ended in March of 2020 after only less than six months. Accordingly, Plaintiff has not, and cannot, allege that he met the minimum service requirements during this employment with HC2 to be an eligible participant in the plan. Moreover, following the separation of his employment, Plaintiff could no longer become a "participant" or "beneficiary" under the plan. Accordingly, Plaintiff has failed to plead any facts to suggest that in March 2022, when he allegedly asked for copies of HC2's Summary Description Plan, that he was eligible, or could become eligible, to "receive a benefit of any type from an employee benefit plan." 29 U.S.C.A. § 1002(7). Absent this status, HC2 was under no duty to provide Plaintiff with a copy of its Summary Description Plan.

Notwithstanding, HC2, did, in fact, give Plaintiff the Summary Plan upon request. Records indicate that on February 8, 2024, HC2 provided Plaintiff the Summary Plan. See Zannikos Cert. at Ex. B. As Plaintiff received a copy of the Summary Description Plan on February 8, 2024, Plaintiff's claims, now four months later, are completely moot and meant only to harass HC2. See Thacker v. HSBC Bank USA, N.A., No. 1:22-CV-7120-GHW, 2023 WL 3061336, at *6 (S.D.N.Y. Apr. 24, 2023) ("a plaintiff must first allege that she disclosed or threatened to disclose to a supervisor an activity, policy, or practice of the employer that the employee at least reasonably believed was illegal").

Even if Plaintiff could establish that he engaged in protected activity, which he did not, he fails to allege sufficient facts to suggest a causal connection between his purported protected

25

activity, and HC2 Defendants' alleged retaliation. Plaintiff claims, without any evidence or supporting facts, that HC2 Defendants retaliated against him on July 21, 2022, April 12, 2023, and May 3, 2023, based on complaints he made in March 2022. There is limited, if any, temporal proximity between these acts, however. See DuBois v. Brookdale Univ. Hosp. & Med. Ctr., 800 N.Y.S.2d 345, 345 (Sup. Ct. 2004) ("the cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'" (internal citations omitted)).

Further, Plaintiff does not plead any facts to actually suggest that HC2 Defendants were aware of Plaintiff's purported complaints to government officials. See Kaye v. N.Y. City Health & Hosps. Corp., 2023 U.S. Dist. LEXIS 57044, *90 (S.D.N.Y. 2023) (holding, "If an employer does not even know that an employee has engaged in certain conduct, then that conduct cannot be the cause of the employer's conduct towards the employee" in dismissing Section 740 retaliation claim.). Even if HC2 was aware, however, there is nothing to suggest that HC2 opposed the dismissal of Plaintiff's bankruptcy case *because of* his alleged protected activity, as opposed to because HC2 was attempting to enforce the Settlement Agreement. This is indicated by HC2 providing the plan on February 8, 2024. Plaintiff's lame attempt to draw a causal connection where there plainly is none only further underscores the futility of his claims. Accordingly, Plaintiff's Labor Law Section 740 claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, HC2 Defendants respectfully request that their motion be granted, and that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice.

Respectfully Submitted,

Dated: August 26, 2024

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:    */s/Thomas L. Bellifemine, Esq.*
Thomas L. Bellifemine, Esq.
*Attorneys for Defendants HC2, Inc., Stephanos Zannikos, and Michael John Esker Nacchio*

27

62957048.v15-OGLETREE