UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDREW DELANEY,
*Plaintiff*,
-against-
HC2, INC.,                                             Civil Action No.: 1:24-cv-06287
STEPHANOS ZANNIKOS,
MICHAEL JOHN ESKER NACCHIO,           Hon. Lewis J. Liman
and
TOYOTA MOTOR NORTH AMERICA, INC.,
*Defendants*.
----------------------------------------------------------x

<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO HC2, INC.'S, STEPHANOS
ZANNIKOS', AND MICHAEL JOHN ESKER NACCHIO'S MOTION TO DISMISS</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………….. 1

STANDARD OF REVIEW……………………………………………………………… 2

ARGUMENT……………………………………………………………..…………… 2

A. Defendants' Motion to Dismiss Should Be Stricken/Denied Due to Their Failure to Serve Plaintiff………………………………………………………………………...… 2

B. Defendants Fail to Meet the High Standard for Pre-Answer Dismissal……………………… 3

C. Defendants Improperly Attached Extrinsic Documents to Their Motion…………………….. 3

D. The N.Y. Jud. Law § 487 Claim Is Plausible…………………………………………………. 4

E. The Civil Conspiracy Claim Is Not Addressed and Should Not Be Dismissed………………. 6

F. The Negligent Infliction of Emotional Distress ("NIED") Claim Is Plausible…………....… 6

G. The Breach of Contract and Stipulation Claim Is Plausible and Cognizable………………… 6

H. The N.Y. Labor Law § 740 Claim Is Plausible……………………………………..……… 8

I. The Americans with Disabilities Act Claim Is Plausible………………………………….... 10

J. The Title VII Claim Is Plausible……………………………………………………….... 11

CONCLUSION………………………………………………………………………. 11

TABLE OF AUTHORITIES

<u>Cases</u>

*Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007)……………………….……..………… 4
*Abdullahi v. Pfizer, Inc.*, 562 F.3d 163 (2d Cir. 2009)……………………………………… 2
*Amalfitano v. Rosenberg*, 533 F.3d 117 (2d Cir. 2008)……………...……………… 5
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………... 2
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………… 2
*Cinao v. Reers*, 2010 N.Y. Slip Op. 20006 (N.Y. Sup. Ct. 2010)………………………... 4
*Cuyahoga Equipment Corp., In re*, 980 F.2d 110 (2nd Cir. 1992)……………………….. 6-7
*HC2, Inc. v. Delaney*, 20-cv-3178 (S.D.N.Y. April 20, 2020)…………………………. 1, 6, 8-9
*In re Andrew* Delaney, Case No. 20-44372 (Bankr. E.D. N.Y. 2020)……………………… 8
*In re Blue Dog at 399 Inc.*, No. 15-10694, 2020 WL 6390674, at *7 (Bankr. S.D.N.Y. Oct. 30, 2020)………………………………………………………………………..…… 4-5
*Kinneary v. City of New York*, 601 F.3d 151 (2d Cir. 2010)…………………………….. 10
*Palin v. The N.Y. Times Co.*, No. 22-558 (2d Cir. Aug. 28, 2024)……………………… 2
*Scott v. Greenberg*, 15-CV-05527 (E.D.N.Y. Mar. 31, 2017)………………...…………… 5
*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)……………………………………... 3
*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605 (S.D.N.Y. 2008)………..… 2
*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104 (2d Cir. 2008)…... 2

<u>Statutes</u>

29 U.S.C. ch. 18, Employee Retirement Income Security Act of 1974………………….………… 8
42 U.S.C. ch. 126 § 12101 et seq., The Americans with Disabilities Act of 1990……………... 10
42 U.S. Code § 2000e, Title VII of the Civil Rights Act of 1964…………………..…… 10-11
N.Y. Jud. Law § 487……………………………………………………………………… 3-5, 7
N.Y. Labor Law § 740……………………………………………………………….. 8-10

<u>Rules</u>

Fed. R. Civ. P. 8(a)(2)……………………………………………………….….. 3
Fed. R. Civ. P. 12(a)(1)(A)……………………………………………………………… 3
Fed. R. Civ. P. 50……………………………………………………………………...… 10
Fed. R. Civ. P. 56……………………………………………………………………… 4

<u>Other</u>

Christopher M. McNerney, "The Plaintiff Usually Doesn't Have All the Facts When Filing an Employment Discrimination Lawsuit. They Don't Have To," Outten & Golden website, Apr. 21, 2023…………………………………………………………………………………... 11

The plaintiff Andrew Delaney ("Delaney") submits this memorandum of law in opposition to HC2, Inc.'s ("HC2"), Stephanos Zannikos' ("Zannikos"), and Michael John Esker Nachhio's ("Nacchio") motion to dismiss dated August 26, 2024.  (ECF No. 8)

PRELIMINARY STATEMENT

1. The defendants' motion to dismiss is essentially a long complaint that the plaintiff is suing them *for things that they did*.

2. The motion applies the wrong standard for a motion to dismiss.  It asserts *12 times* that the plaintiff failed to "establish" his claims.  But he is not required to "establish" his claims, causation, and damages, only to make allegations which are plausible in their face.

3. Pages 1-8, comprising the defendants' so-called "Preliminary Statement" and "Procedural History and Statement of Relevant Facts," are a list of irrelevancies.

4. The motion lies that: "On April 13, 2020, Christopher Beres, a Florida attorney, sent a communication on Plaintiff's behalf to Akio Toyoda in Tokyo, Japan, demanding payment of $450,000 within one day for claimed economic damages flowing from Plaintiff's purported wrongful discharge.  *See HC2, Inc. v. Delaney*, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 at ¶6."  (*Id.* at 2).[1]

---

[1] As to the defendants' new lies about Beres' April 7, 2020 letter to Akio Toyoda, on May 27, 2020, the Hon. Lewis J. Liman ruled: "And, finally, the evidence does not support plaintiff's claim that defendant attempted to extort plaintiff by publicly disclosing plaintiff's confidential information if Delaney was not paid. That assertion appears at paragraph 40 of the Zannikos declaration.  It also appears in the parties' briefing.  It's a characterization of a demand letter from Delaney's lawyer attached as Exhibit Z.  *I have been provided a redacted copy of the letter.  It makes no threat or mention of publicly disclosing information if Delaney is not paid.  Delaney's lawyer makes the allegation that plaintiff violated Delaney's rights and then states 'I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case.  If you fail to contact me by this date, I will commence legal action against you without further notice.'*  The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was and not with the full seven days.  Even then it is a routine demand letter and it's not an extortion. See *U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion." (*Delaney* ECF No. 65 at pp. 20-21) (emphasis added).

1

5. Moreover, the plaintiff's plausible claims are not "vexatious" because they are neither groundless nor are they an attempt to relitigate issues previously determined, nor do the defendants show that they were.

## STANDARD OF REVIEW

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, supra, at 678.

7. On a motion to dismiss, the Court must assume that all of the facts alleged in the complaint are true, construe those facts in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008) (Chin, J.).

8. Last month, the United States Court of Appeals for the Second Circuit held that "judges are assigned only a limited gatekeeping function." *Palin v. The N.Y. Times Co.*, No. 22-558 39 (2d Cir. Aug. 28, 2024) (reversing the dismissal of the plaintiff's defamation case for the second time).

## ARGUMENT

A. Defendants' Motion to Dismiss Should Be Stricken/Denied Due to Their Failure to Serve Plaintiff

9. Fed. R. Civ. P. 12(a)(1)(A) requires the defendants to "serve" their responsive pleading.  The defendants did not serve their motion to dismiss on the plaintiff.  Nor did they file a proof of service.   The plaintiff does not receive ECF filings in this case.  Accordingly, the motion should be stricken and/or denied.

B. <u>Defendants Fail to Meet the High Standard for Pre-Answer Dismissal</u>

10. Although Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint here is factually detailed.   As a matter of law, the claims (N.Y. Jud. Law § 487, civil conspiracy, etc.) are fact-intensive inquiries not resolvable on a motion to dismiss without any discovery, and also involve questions of intent.  Violation of § 487 requires an intent to deceive.  The motion to dismiss itself disputes that Zannikos and Nacchio "acted with an intent to deceive", which is an issue for discovery. (ECF No. 8 at 16-18)

11. The defendants repeatedly state that the plaintiff did not "establish" a "prima facie case" in the complaint.  This is not summary judgment or the trial.

12. A prima facie case is based on preponderance of the evidence.

13. The Supreme Court has ruled that a plaintiff does not need to plead specific facts that establish a prima facie case to survive a motion to dismiss for failing to state a claim. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002).

14. The motion uses the wording that the complaint failed to establish a prima facie case *six times*.  (ECF No. 8 at 8, 10, 11, 21, and 26) But this Circuit has ruled that a prima facie case is an evidentiary standard, not a pleading requirement.

C. <u>Defendants Improperly Attached Extrinsic Documents to Their Motion</u>

3

15. Zannikos' declaration and two extrinsic documents improperly attached to it (ECF No. 9) should be disregarded and stricken as a violation of Fed. R. Civ. P. 56.

16. See *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of Civil Procedure … do not compel a litigant to anticipate potential affirmative defenses… and to affirmatively plead facts in avoidance of such defenses.").

D. The N.Y. Jud. Law § 487 Claim Is Plausible

17. The motion's central argument for dismissing the plaintiff's N.Y. Jud. Law § 487 claim is that: "Plaintiff's claims under Judiciary Law § 487 fail first and foremost because Plaintiff does not plausibly allege any purported misconduct that occurred in a New York court." (ECF No. 8 at 14) But paragraph 64 of the complaint alleges that the defendants' violations occurred in *eight* different courts.  Included on this list are five New York state courts: "… Judge Alexander M. Tisch (New York County Supreme Court), Judge Richard G. Latin (New York County Supreme Court).… the New York Appellate Division First Judicial Department, [and] the New York Court of Appeals…."  (ECF No. 1) The allegations include *every level* of the New York state court system.

18. It is also not true that § 487 does not apply to New York attorneys' conduct in non-New York courts (in this case, Florida).  *Cinao v. Reers*, 2010 N.Y. Slip Op. 20006 (N.Y. Sup. Ct. 2010) ("In light of the statutory language and purposes, this Court sees no basis for limiting the applicability of Judiciary Law § 487 to judicial proceedings pending in New York courts.  A New York court has sufficient interest in supervising the conduct of attorneys admitted before its bar, and protecting resident clients who have been harmed by the deceit of an admitted attorney, to apply Judiciary Law § 487 to the attorney's conduct no matter where the action is pending.").  *In re Blue Dog at 399 Inc.*, No. 15-10694, 2020 WL 6390674, at *7 (Bankr. S.D.N.Y. Oct. 30,

4

2020) ("Defendants have . . . argued that a [S]ection 487 claim can only be based on conduct that occurs in the state courts. I am not at all convinced that this is correct.").

19. The motion also states that: "As an initial matter, Plaintiff's Judiciary Law § 487 claims also fail because *he cannot establish* that Defendants proximately caused his alleged injury." (ECF No. 8 at 17) (emphasis added). The plaintiff does not have to "establish" proximate cause at the motion to dismiss stage.

20. It states: "However, *even if Plaintiff could establish causation and damages….*" (*Id.* at 18) But the plaintiff does not have to "establish" causation and damages in the complaint. Moreover, the complaint alleged for paragraph after paragraph that Zannikos and Nacchio, in the defendants' words, "acted with an intent to deceive, or otherwise engaged in egregious or extreme conduct." (*Id.*) Additionally, the complaint did not, as the motion falsely states, allege only "one instance of misconduct". (*Id.*) *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008) (quoting N.Y. Jud. Law § 487) (a single deceitful statement can trigger § 487 liability.). It is also not true that the plaintiff failed to raise the violations in the underlying courts.

21. Pages 18-19 of the motion are merely the defendants' opinion that the plaintiff's allegations "fail to meet the high standard under Judiciary Law Section 487." (ECF No. 8 at 19) That is a matter for the trier of fact to decide after discovery.

22. *Scott v. Greenberg*, 15-CV-05527 29 (E.D.N.Y. Mar. 31, 2017) ("Regardless, the Court finds that the conduct, as alleged, is intentional and 'egregious'…. Accepting Plaintiff's allegations as true, they plausibly state that Greenberg intentionally deceived Plaintiff and the court.").

23. The complaint describes several salient instances of Zannikos' and Nacchio's "deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party."

E. <u>The Civil Conspiracy Claim Is Not Addressed and Should Not Be Dismissed</u>

24. The motion to dismiss does not present a single reason as to why the civil conspiracy claim should be dismissed for failure to state a claim. The defendants have thus failed to meet their burden of proof that it should be dismissed.

F. <u>The Negligent Infliction of Emotional Distress ("NIED") Claim Is Plausible</u>

25. The motion to dismiss asserts that: "Plaintiff *does not establish* a prima facie case of negligent infliction of emotional distress." (ECF No. 8 at 21) (emphasis added) This is not a summary judgment motion.

26. It also falsely states that: "Here, Plaintiff does not allege any facts to show that HC2 Defendants owed him any duty." (*Id.*) Paragraphs 66 and 68 of the complaint specifically allege that the defendants owed the plaintiff a duty of care. (ECF No. 1)

27. It goes on to state: "Nor do Plaintiff's allegations suggest that he feared for his safety or that HC2 Defendants unreasonably endangered his physical safety." (ECF No. 8 at 21) Where the plaintiff has alleged *actual* endangerment and harm, there is no such fear requirement in New York. It is either/or.

G. <u>The Breach of Contract and Stipulation Claim Is Plausible and Cognizable</u>

28. The motion's argument that this Court lacks jurisdiction over their breach of their stipulation and agreement with the plaintiff is incorrect.

29. This Court has supplemental jurisdiction over the breach of contract claim. This is especially true where the Court has accepted supplemental jurisdiction over the plaintiff's state law claims. HC2's proof of claim, withdrawal of that proof of claim with prejudice, and settlement of the plaintiff's objection to HC2's false proof of claim are based on *HC2 v. Delaney*. *Cuyahoga Equipment Corp., In re*, 980 F.2d 110, 113-114 (2nd Cir. 1992) ("Jurisdiction was

6

properly exercised over the settlement agreement.  The district court had jurisdiction over the bankruptcy claims under 28 U.S.C. § 1334(b) (1988)--since the agreement compromised claims related to the bankruptcy action then before it...").

30. The defendants' footnote 6 supports jurisdiction: "See *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) ('…. once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory….')."  (*Id.*)

31. It is actually the bankruptcy court which would be subject to mandatory abstention from what would be a sole state law claim under § 487 were it to be separated from this case.

32. Moreover, the motion asserts that the plaintiff does not have "standing" regarding "the Settlement Agreement" by misrepresenting to this Court that the complaint's breach of contract claim was referring to the September 1, 2021 Settlement Agreement between HC2 and the chapter 7 trustee and not, as it actually was, to the August 1, 2021 settlement agreement between HC2 and Delaney:  "As a threshold matter, Plaintiff does not have standing to bring a breach of contract claim based on the Settlement Agreement between his Bankruptcy Estate and HC2." (ECF No. 8 at 22).

33. The complaint never "[brought] a breach of contract claim based on the Settlement Agreement between his Bankruptcy Estate and HC2."

34. Paragraphs 75-80 of the complaint are about the settlement and stipulation between HC2 and Delaney *regarding Delaney's objection to and motion to expunge HC2's proof of claim*. The trustee was not a party to Delaney's objection nor to HC2's and Delaney's stipulation and settlement.  These were finalized in an unrelated order on August 1, 2021.  The signatories to the stipulation and agreement were HC2's lawyer Douglas A. Goldstein, Esq. and Delaney.  The

trustee and HC2 did not settle the *HC2 v. Delaney* case, what the motion calls "the Settlement Agreement", until *one month later* on September 1, 2021.  It is mixing apples and oranges.

35. The plaintiff has standing to claim against the defendants for violating the stipulation and settlement approved on August 1, 2021 because he was the party to it, not the trustee.

36. The relevant documents include *In re Andrew* Delaney, Case No. 20-44372 (Bankr. E.D. N.Y. 2020), Bankr. ECF No. 76 dated July 19, 2021 (Motion to Dismiss/Withdraw Claim 2 (proof of claim of HC2, Inc.) Filed by Douglas A Goldstein on behalf of HC2, Inc.), Bankr. ECF No. 77 dated July 20, 2021 (Ex Parte Motion to Limit Notice *and Schedule Expedited Hearing* Filed by Douglas A. Goldstein on behalf of HC2, Inc.), and Bankr. ECF No. 83 dated August 1, 2021 (Order re HC2's withdrawal of proof of claim with prejudice).

37. However, the motion to dismiss misrepresents that the plaintiff's breach of contract claim against the defendants is about Bankr. "ECF No. 116" (October 6, 2021 order approving the September 1, 2021 "Settlement Agreement" between the trustee and HC2). (ECF No. 8 at 23)

38. The motion also claims that they were only participating "to enforce the [Settlement] Agreement".  (*Id.*) That is another lie and is also not accepting the facts in the plaintiff's complaint as true.  HC2 interfered in the plaintiff's bankruptcy case for years after stipulating to exit with prejudice *in order to oppose Delaney's motion to voluntarily dismiss the case*.  It had nothing to do with "enforcing the Settlement Agreement" in *HC2 v. Delaney*.

39. This Court is in the best position to rule as to Count IV.

H. The N.Y. Labor Law § 740 Claim Is Plausible

40. The motion to dismiss appears to admit that the defendants' failure to provide him with the ERISA plan and benefits was a violation of the law.

8

41. It then states: "Here, *Plaintiff is unable to establish* that he engaged in activity protected by the statute, or that there is any causal connection between his purported activity and the alleged retaliations he now claims." (*Id.* at 24) (emphasis added). At this stage, the plaintiff is not required to "establish" his claims and/or causation.

42. Similarly, it goes on to state: "Plaintiff *cannot establish* that he was a 'participant' or 'beneficiary' during his employment, or any time prior to March 2022, when he allegedly requested the Summary Plan." (*Id*. at 24) (emphasis added)

43. The motion represents that the plaintiff did not work for them for 12 months and was therefore not eligible to be a participant in HC2's plan.

44. This is again expressly *not* accepting the plaintiff's allegations as true. Moreover, it is contradicted by the defendants' own testimony in the *HC2 v. Delaney* case that the plaintiff had a perpetual employment contract with HC2 since December 28, 2016.[2] (*HC2 v. Delaney* ECF No. 45-2).

45. The motion states that: "Plaintiff's employment ended in March of 2020 after only less than six months. Accordingly, Plaintiff has not, and cannot, allege that he met the minimum service requirements during this employment with HC2 to be an eligible participant in the plan." (ECF No. 8 at 25)

46. That is very interesting because the plaintiff received a letter from the Social Security Administration on July 23, 2023 stating that the plaintiff was a beneficiary of HC2's plan and had a right to "apply for these retirement benefits" and to obtain a copy of the plan from HC2.

---

[2] In *HC2 v. Delaney*, the plaintiff showed proof that HC2 and Zannikos forged his digital signature to the employment document which was blank (unsigned) or had a different digital signature block on other versions which they filed as part of HC2's exhibits. It was the lawyers' manufactured document. Regardless, they should be estopped from now asserting in a motion to dismiss in an action that they themselves claim is "related" that the plaintiff worked for HC2 for less than 12 months.

47. In this regard, the plaintiff has documents and other evidence that he will produce at trial in support of his § 740 claim.

48. The motion states that: "Even if Plaintiff *could establish* that he engaged in protected activity, which he did not, he fails to allege sufficient facts to suggest a causal connection between his purported protected activity, and HC2 Defendants' alleged retaliation." (*Id.* at 18) Again, this is not the trial where the plaintiff has to "establish" that he engaged in a protected activity and to prove causation.

49. It states: "Further, Plaintiff does not plead any facts to actually suggest that HC2 Defendants were aware of Plaintiff's purported complaints to government officials." (*Id.* at 26) The plaintiff will present witnesses and evidence at trial in support of his allegations.

I. The Americans with Disabilities Act Claim Is Plausible

50. The motion applies the wrong standard: "*To establish a prima facie case* of employment discrimination under the ADA…." (*Id.* at 10) (emphasis added)

51. The plaintiff's American with Disabilities Act (the "ADA") claim is plausible on its face. Even the motion admits that "Plaintiff is not required to plead and prove that [he] has met these requirements…" (*Id*. at 9)

52. The cases cited by the defendants are inapposite. *Kinneary v. City of New York*, 601 F.3d 151 (2d Cir. 2010) involved the appellant's Fed. R. Civ. P. 50 motion for judgment as a matter of law *before the case was submitted to the jury*. It did not involve a motion to dismiss the complaint.

J. The Title VII Claim Is Plausible

53. The plaintiff is both a senior (age) and a Thai national (national origin).

10

54. The plaintiff does not have to make a prima facie Title VII case in the complaint. *Buon v. Spindler*, No. 21-622-cv, 2023 U.S. App. LEXIS 8729, at *1 (2d Cir. Apr. 12, 2023) (a "prima facie case . . . is an evidentiary standard, not a pleading requirement… it is not appropriate to require a plaintiff to plead facts establishing a prima facie case.").[3]

CONCLUSION

The defendants' motion to dismiss did not comply with the Federal Rules of Civil Procedure.  Moreover, all of HC2, Inc.'s, Stephanos Zannikos', and Michael John Esker Nacchio's arguments fail as a matter of law.  Their motion to dismiss should be denied and the case should proceed to discovery.

DATED:          September 11, 2024          Respectfully submitted,
                                            /s/Andrew Delaney
                                            Andrew Delaney
                                            Plaintiff
                                            Sen. Gil Puyat Avenue
                                            Makati Central No. 1057
                                            Brgy. San Antonio
                                            Makati City 1250
                                            Republic of the Philippines
                                            63-94-2677-8826
                                            srview1@gmail.com

---

[3] Christopher M. McNerney, "The Plaintiff Usually Doesn't Have All the Facts When Filing an Employment Discrimination Lawsuit. They Don't Have To," Outten & Golden website, Apr. 21, 2023. https://www.outtengolden.com/insights/media/blogs/the-plaintiff-usually-doesnt-have-all-the-facts-when-filing-an-employment-discrimination-lawsuit-they-dont-have-to/

11