UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDREW DELANEY,
*Plaintiff*,
-against-
HC2, INC.,                                              Civil Action No.: 1:24-cv-06287
STEPHANOS ZANNIKOS,
MICHAEL JOHN ESKER NACCHIO,                            Hon. Lewis J. Liman
and
TOYOTA MOTOR NORTH AMERICA, INC.,
*Defendants*.
-----------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO TOYOTA MOTOR NORTH
AMERICA, INC.'S MOTION TO DISMISS

TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………... 1

STANDARD OF REVIEW………………………………………………………………… 2

ARGUMENT……………………………………………………………..…………… 3

A. Toyota's Motion to Dismiss Was Not Timely Filed…………………………….…….. 3

B. Toyota Failed to Serve the Plaintiff……………………………………………………… 4

C. Toyota Improperly Attached Extrinsic Documents to Its Motion.…………………….. 4

D. Toyota Improperly "Incorporated by Reference" the Other Defendants' Motion to Dismiss... 6

E. Toyota Fails to Meet the High Standard for Pre-Answer Dismissal……………….……… 7

F. Toyota's Arguments Are Based on a Summary Judgment or Rule 50 Standard……………..… 8

G. *Palin II* Supports Denial of Toyota's Motion to Dismiss……………………………………... 8

H. Plaintiff's Claims Are Valid……………………………………………………………... 8

CONCLUSION…………………………………………………………………………. 11

TABLE OF AUTHORITIES

Cases

*Abdullahi v. Pfizer, Inc.*, 562 F.3d 163 (2d Cir. 2009)…………………………………………… 2
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………... 2
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………………. 2
*Buon v. Spindler*, No. 21-622-cv, 2023 U.S. App. LEXIS 8729, at *1 (2d Cir. Apr. 12, 2023).... 10
*CafeX Communications Inc. v. Amazon Web Services, Inc.*, case number 17-cv-01349 (S.D.N.Y., Mar. 30, 2017)……………………………………………………………………..……… 7
*HC2, Inc. v. Delaney*, 20-cv-3178 (S.D.N.Y. April 20, 2020)………………………………. 1-2, 5
*In re Andrew* Delaney, Case No. 20-44372 (Bankr. E.D. N.Y. 2020)………………………………. 2
*New York Pet Welfare Ass'n, Inc. v. City of New York*, 850 F.3d 79 (2d Cir. 2017)…………….... 5
*O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345 (6th Cir., 2003)……………. 4
*Palin v. The N.Y. Times Co.*, No. 22-558 (2d Cir. Aug. 28, 2024)…………………….…… 1, 3, 8
*Swain v. Junior*, 961 F.3d 1276 (11th Cir. 2020)……………………………………….……. 7
*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)………………………………………………... 3
*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605 (S.D.N.Y. 2008)………..… 2
*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104 (2d Cir. 2008)…... 2
*Wks. v. Home Depot U.S.A., Inc.*, No. CV 19-6780 FMO (ASX), 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020)……………………………………………………………………………. 5

Statutes

42 U.S.C. ch. 126 § 12101 et seq., The Americans with Disabilities Act of 1990…………...… 10
42 U.S. Code § 2000e, Title VII of the Civil Rights Act of 1964………………………...….. 10
N.Y. Jud. Law § 487…………………………………………………………………… 7-9
N.Y. Labor Law § 740……………………………………………………………………….. 10

Rules

Fed. R. Civ. P. 8(a)(2)………………………………………………………...…….. 7
Fed. R. Civ. P. 12(a)(1)(A)…………………………………………………………………. 4
Fed. R. Civ. P. 12(b)(6)………………………………………………………...…….. 5
Fed. R. Civ. P. 12(d)………………………………………………………………...….. 5
Fed. R. Civ. P. 50………………………………………………………………...….. 8
Fed. R. Civ. P. 56(d)…………………………………………………………………. 5
Fed. R. Civ. P. 81(c)(2)………………………………………………………...…… 3
Judge Liman's Individual Practices in Civil Cases 2.I…...………………………………… 6

Other

Christopher M. McNerney, "The Plaintiff Usually Doesn't Have All the Facts When Filing an Employment Discrimination Lawsuit. They Don't Have To," Outten & Golden website, Apr. 21, 2023……………………………………………………………………………..… 10

The plaintiff Andrew Delaney ("Delaney") submits this memorandum of law in opposition to Toyota Motor North America, Inc.'s ("Toyota") motion to dismiss dated September 9, 2024.  (ECF No. 22).

<u>PRELIMINARY STATEMENT</u>

1. Toyota's motion to dismiss is an attempt by its lawyers to convert the complaint into the trial by forcing the plaintiff to meet its "prima facie case" and "*McDonnell Douglas*" standards for summary judgment, altering or disputing the plaintiff's facts, lying about and defaming the plaintiff, and otherwise trying to force the plaintiff to "prove" his case.

2. This is exactly the kind of abuse that the United States Court of Appeals for the Second Circuit (the "Second Circuit") rejected in its recent holding in *Palin v. The N.Y. Times Co.*, No. 22-558 (2d Cir. Aug. 28, 2024) ("We first reinstated the case in August 2019 following an initial dismissal by the district court (Rakoff, J.) under Federal Rule of Civil Procedure 12(b)(6).") ("*Palin II*").

3. As per *Palin II*, the complaint does not have to "prove" the plaintiff's case "by a preponderance of the evidence."  That is for the jury to decide.

4. Moreover, the plaintiff's plausible claims are not "vexatious" because they are neither groundless nor are they an attempt to relitigate issues previously determined, nor does Toyota show that they were.

5. Toyota has been working with its agents, the notorious revolving door judicial lobbying firm Wilmer, Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale") and HC2, Inc. ("HC2"), to lie about, defame, commit tortious and other illegal acts against, forge his signature to documents submitted to the courts, spy on,[1] threaten, attempt to silence, and cause damage to

---

[1] In *HC2, Inc. v. Delaney*, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), in response to the plaintiff's counterclaims, HC2 denied spying on the plaintiff.  "Lastly, Counterclaimant supplies a rambling narrative that fails to state

the plaintiff from 2021-2024 as part of its defense strategy in the Texas grand jury investigation and three Thai government investigations of Toyota.  Contrary to Toyota's lawyer's attempt to create a fog of confusion, those investigations are focused on Toyota in Texas and Toyota Motor Thailand Company Limited  ( บริษัท โตโยต้า มอเตอร์ ประเทศไทย จำกัด ).

STANDARD OF REVIEW

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, supra, at 678.

7. On a motion to dismiss, the Court must assume that all of the facts alleged in the complaint are true, construe those facts in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff.  *See Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008) (Chin, J.).

---

a claim for IIED. (See Countercl. ¶¶ 55, 58-59).… He also alleges that HC2 is tracking Counterclaimant with investigators in Nebaskra (sic), and, at his hotel, where he received a 'suspicious phone call.' (Compl. ¶ 58)." *Id.* ECF No. 82 at 15.  But the billing records that were disclosed in the plaintiff's bankruptcy case showed that HC2 and its lawyers were lying to Judge Lewis J. Liman – again: "MARC E. KASOWITZ Kl.2302201 INVOICE NUMBER May 31, 2020 RE: HC2, Inc. d/b/a Hire Counsel I Hire Counsel v. Delaney FOR INVESTIGATIVE SERVICES rendered through May 15, 2020 HOURS 05/15/2020 Investigative Duties. 7.50 TOTAL HOURS/AMOUNT 7.50 TOTAL DISBURSEMENTS FEES DISBURSEMENTS SALES TAX TOTAL AMOUNT DUE RATE AMOUNT 350.00 2,625.00 $2,625.00 $2,447.93 $2,625.00 2,447.93 450.22 $5,523.15 INTELLIGENCE OPTIONS LLC IS A SUBSIDIARY COMPANY OF THE LAW FIRM KASOWITZ BENSON TORRES LLP." *In re Andrew Delaney*, No. 20-44372 (Bankr. E.D.N.Y. 2020), ECF No. 61-5 at 43.

8. Last month, the Second Circuit held: "In 2019, *we vacated the dismissal, holding that Palin had plausibly stated a defamation claim*. See *Palin v. New York Times Co.*, 940 F.3d 804, 817 (2d Cir. 2019) ('*Palin I*'). We identified two errors by the district court. First, *it improperly relied on matters outside the pleadings* (specifically, Bennet's testimony at the evidentiary hearing) to decide the Times' motion to dismiss without converting that motion into one for summary judgment. *Id.* at 811." *Palin II* at 12 (emphasis added).

9. The *Palin II* further held: "Instead, judges are assigned only a limited gatekeeping function: they must 'examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact . . . *by a preponderance of the evidence*.'" *Id.* at 39 (emphasis added).

ARGUMENT

A. <u>Toyota's Motion to Dismiss Was Not Timely Filed</u>

10. This is a removed action.

11. Fed. R. Civ. P. 81(c)(2) provides for Removed Actions: "A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving - through service or otherwise - a copy of the *initial pleading* stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) *7 days after the notice of removal is filed*." (emphasis added)

12. Toyota's motion to dismiss was not timely filed and must be stricken and/or denied. On September 6, 2024, the plaintiff previously requested the clerk to certify Toyota's default in this case due to its failure to timely file a responsive pleading. (ECF No. 17). Toyota's lawyer's letter to the Court incorrectly asserted that Toyota had "21 days from the notice of removal" to

3

file.  But the rule states "7 days after the notice of removal is filed.".  This was clearly recognized by the other defendants who filed their motion to dismiss two weeks before Toyota, on August 26, 2024, six days after the August 20, 2024 notice of removal.  They only would have done so because they knew there was a deadline the next day.

B. Toyota Failed to Serve the Plaintiff

13. Fed. R. Civ. P. 12(a)(1)(A) requires Toyota to "serve" its responsive pleading.  "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir., 2003).

14.Toyota did not serve its motion to dismiss on the plaintiff.  The plaintiff does not receive ECF filings in this case.  Toyota's proof of service alleges to have sent it to him "via e-mail".  (ECF No. 23 (Toyota's Certificate of Service)).   Service by e-mail is not allowed either in the Federal Rules of Civil Procedure or in the state in which the district court sits.  Toyota did not request alternative service.  Nor did the plaintiff sign a waiver of service of process.

15. Accordingly, the motion should be stricken and/or denied.

C. Toyota Improperly Attached Extrinsic Documents to Its Motion

16. Toyota also sandbagged the plaintiff by attaching an affidavit with extrinsic documents attached to it ("the agreement governing the Project and Delaney's employment agreement with HC2 are incorporated by reference into the Complaint").  (ECF No. 22 fn. 3)

17. Firstly, Toyota cannot incorporate by reference documents in another party's document.

18. Secondly, when moving to dismiss under Fed. R. Civ. P. 12(b)(6), the general rule is that a court may not consider documents that are extrinsic to the complaint.  Indeed, under Fed.

4

R. Civ. P. 12(d), when extrinsic evidence is presented to, and not excluded by the court, the 12(b)(6) motion is normally converted to a motion for summary judgment.  *New York Pet Welfare Ass'n, Inc. v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).

19. Thirdly, in *HC2 v. Delaney*, Toyota's agent HC2, which only brought that jurisdictionally fraudulent action because of its three-way agreement with Toyota dated September 25, 2019, filed more than 15 different employment agreements it claimed to have with the plaintiff.  In his May 19, 2020 deposition, HC2's general counsel and defendant Stephanos Zannikos, Esq. testified in answer to questioning from the plaintiff's attorney Robert Rotman, Esq.: "Q Now how many agreements did Mr. Delaney become a party to by becoming an HC2 employee? A I'm not certain of the number. Q Can you fathom a guess? Is that number more than five? A I don't have enough -- I mean, I couldn't really pinpoint the number. Q Could it be more than ten? A I would assume it's not more than ten." (Zannikos Trancript at 22-23).  The production in *HC2 v. Delaney* shows that there were 15 different agreements several including Toyota and Wilmer Hale as parties.  Of these, Toyota's lawyer wants to cherrypick only two to attach to Toyota's motion to dismiss.  The truth is that there were so many agreements that Zannikos could not even count them.

20. Toyota's motion to dismiss should be denied.  See *Wks. v. Home Depot U.S.A., Inc.*, No. CV 19-6780 FMO (ASX), 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020) (denying motion to dismiss for "improperly referencing materials outside the pleadings").

21. If the Court does decide to consider the exhibits, the plaintiff requests the opportunity under Fed. R. Civ. P. 56(d) to conduct discovery into the materials presented by Toyota.

22. The Rules forbid reliance on extrinsic evidence in deciding a motion to dismiss for failure to state a claim.

23. Toyota's attempt to convert this into a pseudo summary-judgment proceeding in which it gets to submit any material it wants - while the plaintiff is given no chance to test the strength of that evidence or develop a record - should thus be rejected.

24. Toyota's motion also referenced so-called "related litigation" which is not related and regarding which it did not make a request for judicial notice.   (ECF No. 22 fn. 2) Most of this litigation does not even involve either the plaintiff or Toyota.  This was after Toyota's lawyers accused the plaintiff of having "no regard for…. the preservation of judicial resources."  (*Id.* at 7).

D. Toyota Improperly "Incorporated by Reference" the Other Defendants' Motion to Dismiss

25. Toyota's motion improperly incorporates by reference the other defendants' motion to dismiss ("Given that the Complaint frequently groups all 'Defendants' together with no differentiation, TMNA herein adopts and incorporates the points made in the HC2 Defendants' Memorandum of Law in support of their motion to dismiss the Complaint pursuant to FRCP 12(b)(6), with respect to Delaney's failure to plead each element of each of his claims.") (ECF No. 22 fn. 4).

26. This is a violation of the page limits.  Judge Liman's Individual Practices in Civil Cases 2.I. provides that: "If parties are unable to agree, memoranda in support of and in opposition to motions are limited to 25 pages while reply memoranda are limited to 10 pages." Toyota's motion is already 24 pages.  Since Toyota and the other defendants filed separate motions, this seems like an orchestrated tactic to circumvent or double the page limit.

27. Toyota also falsely states that the plaintiff incorporated by reference in the complaint "the agreement governing the Project and Delaney's employment agreement."  It is yet another example of Toyota's not accepting the complaint's facts in lieu of its own narrative.

6

28. Moreover, Toyota's incorporation of ECF No. 8 does not make clear what it is incorporating or not ("TMNA herein adopts and incorporates *the points made* in the HC2 Defendants' Memorandum of Law in support of their motion to dismiss the Complaint pursuant to FRCP 12(b)(6), *with respect to Delaney's failure to plead each element of each of his claims*.") (emphasis added). This does not provide notice to the plaintiff of what arguments he is expected to respond to.

29. *Swain v. Junior*, 961 F.3d 1276 (11th Cir. 2020) ("Certainly our Court actively polices its own page limits requirements. For example, we have said that an attempt to incorporate by reference 25 pages of lower-court briefing into an appellate brief 'makes a mockery of our rules governing page limitations and length.' *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004).").

30. See also *CafeX Communications Inc. v. Amazon Web Services, Inc.*, case number 17-cv-01349 (S.D.N.Y., Mar. 30, 2017) (Marrero, J.) ("The flouting of this Court's Individual Rules was a deliberate choice by counsel for Amazon to gain some slight advantage in this litigation.").

31. In this case, it is much more than a slight advantage over the plaintiff, a pro se party, who lacks Toyota's vast financial and legal resources.

E. Toyota Fails to Meet the High Standard for Pre-Answer Dismissal

32. Although Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint here is factually detailed. As a matter of law, the claims (N.Y. Jud. Law § 487, civil conspiracy, etc.) are fact-intensive inquiries not resolvable on a motion to dismiss without any discovery, and also involve questions of intent. Violation of § 487 requires an intent to deceive. The motion to dismiss itself disputes that Zannikos and Nacchio "acted with an intent to deceive", which is an issue for discovery.

7

F. Toyota's Arguments Are Based on a Summary Judgment or Rule 50 Standard

33. The motion uses the wording that the complaint failed to establish a prima facie case *four times*. (ECF No. 22 at 15, 16, and 19) A prima facie case is based on preponderance of the evidence. But this Circuit has ruled that a prima facie case is an evidentiary standard, not a pleading requirement.

34. The Supreme Court has ruled that a plaintiff does not need to plead specific facts that establish a prima facie case to survive a motion to dismiss for failing to state a claim. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002).

35. Toyota's motion also applies "*McDonnell Douglas* burden-shifting" which is used in *summary judgment*, not a motion to dismiss.

G. *Palin II* Supports Denial of Toyota's Motion to Dismiss

36. *Palin II* also supports denial of Toyota's motion to dismiss because Toyota's lawyers have violated the Federal Rules, have improperly relied on matters outside the pleadings, and have made their motion to dismiss into a pseudo-summary judgment proceeding.

37. *Palin II* also holds that the plaintiff does not have to prove his or her claims in the complaint.

H. Plaintiff's Claims Are Valid

38. Just as Toyota's lawyers mischaracterize and selectively add documents to the plaintiff's complaint, they likewise do not accept the facts in the complaint as true as is required in a motion to dismiss but instead argue with his facts. This includes Toyota's argument that the plaintiff was not employed by Toyota.

8

39. HC2 is a job agency.  The plaintiff worked for Toyota through a three-party outsourcing agreement.  The e-mails about the plaintiff's employment, daily work, and termination were all managed, supervised, and ordered by Toyota.  The database is in Thailand.

40. Toyota's agent, HC2, is listed as having revenues of $1-$5 million per year and would never have spent hundreds of thousands of dollars acting unlawfully in the plaintiff's bankruptcy case and life without Toyota's funding.  This has included Toyota's lawyers' planting multiple false and defamatory stories in Tax Notes, Daily Journal, National Law Review, and other publications which the plaintiff will prove at trial.  Toyota is the *central party* in this case and the funder.  Toyota cannot and does not prove that Toyota was not involved.

41. Toyota's argument that it cannot be responsible under N.Y. Jud. Law § 487 is contradicted by the doctrine of respondeat superior.  The billing records redact Toyota's name as having aided and abetted and instructed the defendant attorneys and their unnamed co-conspirators.  The plaintiff should have the opportunity to request the production of the unredacted records and further proof of Toyota's § 487 acts.

42. Toyota's motion to dismiss does not present a single reason as to why the civil conspiracy claim should be dismissed for failure to state a claim.  Toyota has thus failed to meet its burden of proof that it should be dismissed.

43. Toyota's only basis for dismissing the plaintiff's negligent infliction of emotional distress claim is "it was not the 'master' of either of the lawyers."  (ECF No. 22 at 21).  Toyota is and was the master.  That is an issue to be proven at trial after discovery.

44. Toyota's sole basis for dismissing the plaintiff's breach of the stipulation and settlement agreement claim is that it was not a party to the agreements, when HC2 was its agent and when all of the acts were on Toyota's instructions and for Toyota's benefit as the master.

9

45. Toyota is incorrect, and arguing with the plaintiff's facts again, about the N.Y. Labor Law § 740 claim.  The raison d'etre for the retaliatory actions such as their illegal acts in the plaintiff's bankruptcy case and tbeir constant accusations against him of extortion were to benefit Toyota in its multi-billion dollar criminal cases.

46. Toyota's motion provides no basis for dismissing the plaintiff's plausible Americans with Disabilities Act claim, only arguing that he is not disabled and that his allegations are untrue.

47. The plaintiff is both a senior (age) and a Thai national (national origin).  Toyota's motion incorrectly applies a summary judgment standard to the plaintiff's Title VII claim: "Retaliation claims under Title VII are evaluated under the *McDonnell Douglas* three-step burden-shifting test…. To establish a prima facie case of retaliation under Title VII, an employee must show that…"  (ECF No. 22 at 15) The plaintiff does not have to "establish" "a prima facie case" at the motion to dismiss stage.  *Buon v. Spindler*, No. 21-622-cv, 2023 U.S. App. LEXIS 8729, at *1 (2d Cir. Apr. 12, 2023) (a "prima facie case . . . is an evidentiary standard, not a pleading requirement… it is not appropriate to require a plaintiff to plead facts establishing a prima facie case.").[2]

---

[2] Christopher M. McNerney, "The Plaintiff Usually Doesn't Have All the Facts When Filing an Employment Discrimination Lawsuit. They Don't Have To," Outten & Golden website, Apr. 21, 2023. https://www.outtengolden.com/insights/media/blogs/the-plaintiff-usually-doesnt-have-all-the-facts-when-filing-an-employment-discrimination-lawsuit-they-dont-have-to/

CONCLUSION

Toyota's motion to dismiss did not comply with the Federal Rules of Civil Procedure.

Moreover, all of Toyota's arguments fail as a matter of law.  Their motion to dismiss should be

stricken and/or denied and the case should proceed to discovery.

DATED:          September 11, 2024              Respectfully submitted,
                                               /s/Andrew Delaney
                                               Andrew Delaney
                                               Plaintiff
                                               Sen. Gil Puyat Avenue
                                               Makati Central No. 1057
                                               Brgy. San Antonio
                                               Makati City 1250
                                               Republic of the Philippines
                                               63-94-2677-8826
                                               srview1@gmail.com