```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
  :
ANDREW DELANEY,  :
  :
                 Plaintiff,  :
  :    24-cv-6287 (LJL)
    -v-  :
  :    MEMORANDUM &
HC2, INC., STEPHANOS ZANNIKOS, MICHAEL  :    ORDER
JOHN ESKER NACCHIO, and TOYOTA MOTOR  :
NORTH AMERICA, INC.  :
  :
                 Defendants.  :
-------------------------------------------------------------------X

---

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Andrew Delaney ("Plaintiff") filed this action against Defendants HC2, Inc. ("HC2"), Stephanos Zannikos ("Zannikos"), Michael John Esker Nacchio ("Nacchio") and Toyota Motor North America, Inc. ("TMNA") in New York State Supreme Court, New York County, on August 5, 2024. Dkt. No. 1 ¶ 1; Dkt. No. 1-1. In his original complaint ("Original Complaint"), Plaintiff alleged claims for violation of New York Judiciary Law § 487, negligent infliction of emotional distress, breach of contract, and violation of New York Labor Law § 740. Dkt. No. 1-1 ¶¶ 49–98. On August 18, 2024, Plaintiff filed an Amended Complaint in state court. Dkt. No. 1 ¶ 2; Dkt. No. 1-2. Also on August 18, 2024, Plaintiff filed a Corrected Amended Complaint in state court. Dkt. No. 1 ¶ 3; Dkt. No. 1-3. The Corrected Amended Complaint adds federal claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Dkt. No. 1 ¶ 9; *see* Dkt. No. 1-3. Two days later, on August 20, 2024, TMNA removed the case from the Supreme Court of New York, County of New York, pursuant to 28 U.S.C. § 1441. Dkt. No. 1. TNMA

predicated removal on federal question jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ 6. TNMA was served with the Original Complaint on August 13, 2024, Dkt. No. 17, but it has not been served with either the Amended Complaint or the Corrected Amended Complaint, Dkt. No. 1 ¶ 4. HC2, Zannikos, and Nacchio (the "Non-Removing Defendants") have not been served with the Corrected Amended Complaint. *Id.* ¶ 11; Dkt. No. 5.

On September 6, 2024, Plaintiff filed a proposed Clerk's Certificate of Default and proposed Order of Default Judgment against TNMA, with an accompanying affirmation. Dkt. No. 13. Plaintiff asserts that under Federal Rule of Civil Procedure 81(c)(2), TMNA's time to respond to the Corrected Amended Complaint runs from the later of twenty-one days from the date on which it was served with the Original Complaint, or seven days from the date the Notice of Removal was filed. Dkt. No. 13-1; Dkt. No. 17. Accordingly, it expired on September 3, 2024: twenty-one days from the date on which TMNA was served with the Original Complaint (which is later than the seven days from the date of removal). Dkt. No. 13-1; Dkt. No. 17. TMNA argues that the date for response to the Corrected Amended Complaint does not run from the date of service of the Original Complaint. Dkt. No. 19. While it contends it never has been served with the Corrected Amended Complaint, it argues that the time to respond cannot be earlier than twenty-one days from the date of removal which is the date on which it acknowledged receipt of the Corrected Amended Complaint, or September 10, 2024. *Id.* On September 10, 2024, TMNA responded to the Corrected Amended Complaint by filing a motion to dismiss. Dkt. No. 20. Neither party cites a case that is directly on point regarding the time to respond in this situation.

Federal Rule of Civil Procedure 81(c)(2) states that "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the

longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2).

The Federal Rules of Civil Procedure are to be interpreted as a whole. *See City of Merced v. Fields*, 997 F. Supp. 1326, 1337 (E.D. Cal. 1998) ("An individual Rule must be construed as part of a procedural system."); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we . . . effectively would read Rule 16(b) . . . out of the Federal Rules of Civil Procedure."). The time deadlines in Rule 81(c)(2) correspond to those under Federal Rule of Civil Procedure 12. A party is given 21 days to respond to a complaint or counterclaim or crossclaim under Federal Rule of Civil Procedure 12(a)—the same time period referenced under Rule 81(c)(2). Rule 81(c)(2) is not intended to penalize the defendant for filing a notice of removal by accelerating the time for response beyond the date by which the defendant would have had to respond absent removal. If the defendant has been served with the operative complaint in state court, the defendant has at least 21 days to answer or otherwise move—the same as it would have if the case had been commenced in federal court. If, as in New York, state law provides for filing of the complaint with the court and service only of the summon, the defendant has at least the same 21 days, as long as the complaint is on file at the time of service. Rule 81(c)(2)'s third option—that an answer or other defense is due seven days after the date of removal—"ensure[s] that answers are filed quickly in removed actions." 14 Moore's Federal Practice § 81.04[4][b], at 81-18 (3d ed. 2023). A defendant who has waited the full 30 days from service of the complaint to file a notice of removal is given "only seven days to answer because the defendant would have received the

3

notice (either the complaint or summons, depending on state law) much earlier." *Id.* This provision is not intended to limit the defendant to fewer than twenty-one days, but rather to ensure it does not receive significantly more.

Plaintiff's contrary interpretation would lead to absurd results. In the circumstance of a defendant who has not been served with the complaint at the time of removal and who did not file a notice of removal, Plaintiff's reading would have the plaintiff serve that defendant with the non-operative original complaint in order to set any time deadline for a response. Subsection (C) of Rule 81(c)(2) would not be applicable and the time could not begin to run solely from the date of removal, because a defendant cannot be required to answer a complaint without having been served or appeared in the action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). But the trigger for subsections (A) or (B), according to Plaintiff, is the non-operative initial pleading that has now been superseded. Thus, taking Plaintiff at his word, the time would not begin to run—even if the defendant were served with an amended complaint—until the defendant was served with the first complaint in an action. Here, even if the Non-Removing Defendants were served with the Corrected Amended Complaint, they would not be required to answer until they were also served with the Original Complaint. And, because the trigger under Plaintiff's view is the Original Complaint, if his interpretation is accepted, the Non-Removing Defendants would arguably have to answer the Corrected Amended Complaint twenty-one days after service of the Original Complaint, even if they are not served with the Corrected Amended Complaint. They would have been served with the "initial pleading," even if they were not served with the complaint to which a response was required.

The same would apply to the removing defendant—arguably, it would have to answer an amended complaint within twenty-one days of service of the initial complaint even if it was never served with the amended complaint. Even if the defendant were served with an amended complaint, its time to answer would be accelerated merely because it has availed itself of the right to remove and has done so in a timely manner so as not to delay the resolution of the case. The most sensible interpretation of Rule 81(c)(2) is that the same principle applies when a case has been removed as is applied under Rule 12—the time to respond is measured from the date of service of the pleading to which a response is required.

The facts of this case illustrate these points. Plaintiff's initial complaint in state court was filed on August 5, 2024, stating five claims for relief, all of which were pled under New York law. Dkt. No. 1-1 at 16–24.[1] It provided no basis for removal and thus was not an "initial pleading" under Section 1446. The first pleading from which removability could be ascertained was the Corrected Amended Complaint, which asserted claims under the Americans with Disabilities Act and Title VII, and which was filed on August 18, 2024. Dkt. No. 1-3 at 22–23. At that time, TNMA's time to answer or otherwise move had not even begun to run under federal or state law, because it had not been served. It would have had at least twenty-one days, if not more, from that August 18 date. It could have waited to file a Notice of Removal and given itself not only the full time to answer permitted under state law, but also an additional seven days from the notice of removal permitted under Rule 81(c)(2)(C). Yet, Plaintiff would have it that because TMNA did not wait but acted efficiently and removed on August 20, 2024, its time to respond was accelerated. Dkt. No. 1. It not only did not have twenty-one days from the date of service, it had only seven days from the date of the notice of removal or nine days from

---

[1] ECF pagination.

awareness (not service) of the amended complaint. That interpretation does not align rationally with Rule 81(c)(2), reading the Rule either in isolation or as part of the larger removal framework. In addressing Rule 81(c)(2) and related removal rules, the Supreme Court has supported a "sensibl[e]" approach that affords the defendant its allocated time "after service of process to respond." *Murphy Bros*, 526 U.S. at 355. The twenty-one-day time under Rule 81(c)(2)(A) and (B) should be computed based on the operative complaint.

This conclusion admittedly is not free from doubt. Rule 81(c)(2) is to be read *in pari materia* with Section 1446. *See Murphy Bros.*, 526 U.S. at 355. Section 1446 refers both to the "initial pleading" and to the "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). A case must be removed within thirty days after receipt of the initial pleading by service or otherwise unless the case as stated by the initial pleading is not removable, in which case it may be removed within thirty days of the amended pleading from which removability may be ascertained. *Id.*; *see Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014). The "initial pleading" to which Rule 81 refers could be read to refer to the initial pleading under Section 1446, even if that initial pleading is not the complaint that is removable and that is removed.[2]

That interpretation is undermined by the history of Rule 81. Rule 81 tracks the language of Section 1446(b)(1) by referencing "the initial pleading stating the claim for relief." Fed. R. Civ. P. 81(c)(2). However, the reference to an "initial pleading" was not intended to exclude the

---

[2] In addition, under Rule 15(a)(3), where a complaint is amended as a matter of course, the defendant is not given a full twenty-one days from the date of the amended complaint to respond but is given the longer of 14 days or the time remaining from the date a response is due to the original pleading to respond to the amended pleading. Fed. R. Civ. P. 15(a)(3).

situation covered under Section 1446(b)(3), in which the operative pleading is not the pleading originally filed in state court.  Prior to 1948, the Rule stated that the defendant should answer within "the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer, but in any event within 20 days after the filing of the transcript."  *Silva v. City of Madison*, 69 F.3d 1368, 1374 (7th Cir. 1995) (quoting Rule 81(c) as amended in 1948).  This version of the Rule clearly provided the defendant the time allowed by law to answer the operative complaint.  The time to respond to an amended complaint would not be measured from the date of the service of the original complaint.  The 1948 amendment which added the words "initial pleading" was intended to conform the Rule to revisions to Section 1446(b)(1) and ensure that the defendant has access to the complaint that was removable before it had to make the decision to remove the action.  *Id.* at 1374–76.  There is no evidence that it was intended to accelerate the time for a defendant to answer beyond what the defendant would be accorded under state law or to answer a complaint before it was served with that complaint.

The corrected Amended Complaint, filed on August 18, was the first complaint to include claims under federal law.  Defendant therefore has "the longest of" twenty-one days after receiving the Amended Complaint "through service or otherwise" or "7 days after the notice of removal was filed" before it must answer.  Fed. R. Civ. P. 81(c).  TMNA has not been served with the Amended Complaint, but acknowledges receipt of the complaint on August 20, 2024, the date it removed the action to state court.  Dkt. No. 17.  Its answer is therefore due at least twenty-one days after that date, which is significantly longer than seven days after the notice of

7

removal was filed (the same date).  Twenty-one days after August 20, 2024, is September 10, 2024.[3]

Therefore, TMNA was not in default on September 6, 2024, and Plaintiff's request for a certificate of default must be DENIED.  The Clerk's office is respectfully directed to deny the proposed Certificate of Default and close Dkt. No. 14.

SO ORDERED.

Dated: September 13, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[3] TNMA filed its motion to dismiss on September 9, 2024.  *See* Dkt. No. 20.  Given that this motion was filed shortly after Plaintiff's request for a certificate of default, Plaintiff was not conceivably prejudiced.  Based this Circuit's "preference that litigation disputes be resolved on the merits," *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), the Court would set aside the entry for good cause shown, even if default had been entered.