UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ANDREW DELANEY,                                           :
                                                         :
                    Plaintiff,                           :
                                                         :        Case No.: 1:24-cv-06287
       -against-                                         :
                                                         :
HC2, INC., STEPHANOS ZANNIKOS,                          :
MICHAEL JOHN ESKER NACCHIO, and                        :
TOYOTA MOTOR NORTH AMERICA, INC.,                      :
                                                         :
                    Defendants.                          :

------------------------------------------------------------ x

---

## REPLY BRIEF IN FURTHER SUPPORT OF HC2, INC., STEPHANOS ZANNIKOS, AND MICHAEL JOHN ESKER NACCHIO'S MOTION TO DISMISS THE COMPLAINT

---

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
599 Lexington Avenue, Suite 1700
New York, New York 10022
Tel: (973) 656-1600
Fax: (973) 656-1611
thomas.bellifemine@ogletreedeakins.com
*Attorneys for Defendants HC2, Inc.,
Stephanos Zannikos, and Michael John
Esker Nacchio*

*On the Brief*:

Thomas L. Bellifemine, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

FACTS RELATING TO SERVICE...............................................................................................1

ARGUMENT..................................................................................................................................2

   I.    PLAINTIFF WAS PROPERLY SERVED WITH THE MOTION ...............................2

        A.    PLAINTIFF FAILED TO OBJECT TO SERVICE OF THE MOTION BY E-MAIL OR POSTAL MAIL AND WAIVED ANY OBJECTIONS BY TIMELY RESPONDING IN FULL..............................................................................................3

        B.    EVEN IF SERVICE WAS DEFECTIVE THE PROPER REMEDY IS TO PERMIT DEFENDANTS TO RE-SERVE THE MOTION................................5

        C.    THIS COURT SHOULD PERMIT DEFENDANTS TO SERVE PLAINTIFF VIA E-MAIL ..................................................................................6

  II.    DEFENDANT ZANNIKOS'S DECLARATION AND ITS EXHIBITS WERE PROPERLY SUBMITTED ....................................................................................7

 III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.............................................9

        A.    PLAINTIFF'S N.Y. JUDICIARY LAW § 487 CLAIM STILL FAILS ............10

        B.    PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM STILL FAILS ..............................................................................11

        C.    PLAINTIFF'S CONTRACT CLAIM STILL FAILS BECAUSE PLAINTIFF CANNOT SHOW ANY BREACH BY HC2 ...........................................12

        D.    PLAINTIFF'S N.Y. LABOR LAW § 740 CLAIM STILL FAILS ....................13

        E.    PLAINTIFF'S ADA AND TITLE VII CLAIMS STILL FAIL .........................14

        F.    PLAINTIFF'S CIVIL CONSPIRACY CLAIM STILL FAILS.........................14

CONCLUSION ............................................................................................................................15

## TABLE OF AUTHORITIE

**Cases**                                                                                                          **Page(s)**

1077 Madison St., LLC v. Springer,
   2015 WL 9165904 (E.D.N.Y. Oct. 28, 2015)...........................................................................4

Abbas v. Dixon,
   480 F.3d 636 (2d Cir. 2007)...........................................................................................8, 9

Ackermann v. Levine,
   788 F.2d 830 (2d Cir.1986)................................................................................................7

Agostini v. Sobol,
   757 N.Y.S.2d 555 (1st Dep't 2003) .................................................................................11

All. Network, LLC v. Sidley Austin LLP,
   987 N.Y.S.2d 794 (N.Y. Sup. Ct. 2014) .........................................................................10

AMTO, LLC v. Bedford Asset Mgmt.,
   LLC, No. 14 Civ. 9913 (KMK), 2015 WL 3457452 (S.D.N.Y. June 1, 2015) ........................6

Armstrong v. Blank Rome LLP,
   126 A.D.3d 427 (N.Y. Sup. Ct., 1st Dep't 2015)...........................................................11

Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.,
   787 N.Y.S.2d 267 (1st Dep't 2004) ................................................................................11

F.T.C. v. PCCare247 Inc.,
   No. 12 Civ. 7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ..........................6

In re Fierro,
   616 B.R. 596 (Bankr. E.D.N.Y. 2020)............................................................................10

Furman v. Cirrito,
   828 F.2d 898 (2d Cir.1987)................................................................................................8

Gurung v. Malhotra,
   279 F.R.D. 215 (S.D.N.Y. 2011) ......................................................................................7

HC2, Inc. v. Delaney,
   20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 .............................................10

HC2, Inc. v. Delaney,
   24-cv-05211-LJL (S.D.N.Y. July 10, 2024) (Liman, J.), ECF No. 15 ....................................3

Hoxha v. Pantalone,
    208 N.Y.S.3d 485 (N.Y. Sup. Ct. 2024) ....................................................................12

Hua Xue v. Jensen,
    No. 19-CV-1761, 2020 WL 6825676 (S.D.N.Y. Nov. 19, 2020)...............................14

Jones v. Bock,
    127 S. Ct. 910 (2007).................................................................................................9

Kaye Scholer LLP v. CNA Holdings, Inc.,
    2010 WL 1779917 (S.D.N.Y. Apr. 28, 2010)...........................................................10

Lindner v. Am. Exp. Corp.,
    2009 WL 54493 (S.D.N.Y. Jan. 8, 2009) .................................................................10

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002)...................................................................9, 13

McDaniel v. Univ. of Rochester,
    No. 23-CV-6164-FPG, 2024 U.S. Dist. LEXIS 80567 (W.D.N.Y. May 2,
    2024) .....................................................................................................................10, 14

McKinney v. Cty. of Dutchess,
    No. 19-CV-03920 (NSR), 2024 U.S. Dist. LEXIS 60813 (S.D.N.Y. Mar. 31,
    2024) .............................................................................................................................9

Nat'l R.R. Passenger Corp. ("AMTRAK") v. Morgan,
    536 U.S. 101 (2002)...................................................................................................14

Radack v. Norwegian Am. Line Agency, Inc.,
    318 F.2d 538 (2d Cir. 1963).........................................................................................6

Rapoport v. Asia Elecs. Holding Co.,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000).....................................................................9, 13

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)...........................................................................................8

San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.,
    75 F.3d 801 (2d Cir.1996).............................................................................................8

Schertenleib v. Traum,
    589 F.2d 1156 (2d Cir. 1978)......................................................................................10

Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.,
    312 F.R.D. 329 (S.D.N.Y. 2015) .................................................................................7

Suzuki v. Greenberg,
   198 N.Y.S.3d 683 (2023) ................................................................................................11

U.S. v. Besneli,
   2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015) .................................................................6

Wolff v. Rare Medium, Inc.,
   210 F.Supp.2d 490 (S.D.N.Y. 2000) ...............................................................................8

**Statutes**

11 U.S.C. § 101 ......................................................................................................................12

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ..........................................14

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e et seq. .......................................14

N.Y. Judiciary Law § 487 ....................................................................................................10

N.Y. Labor Law § 740 .........................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(a)(1)(A) ...................................................................................................5

Fed. R. Civ. P. 12(b) ..............................................................................................................5

Fed R. Civ. P. 5 .................................................................................................................5, 6

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law in Opposition (the "Opposition") to Defendants HC2, Inc., Stephanos Zannikos, and Michael John Esker Nacchio's (collectively "HC2 Defendants") Motion to Dismiss ("the Motion") does not save his Amended Complaint. Plaintiff's allegations that he was not served with the Motion are not credible where the HC2 Defendants appropriately provided Plaintiff with the Motion via multiple acceptable channels and Plaintiff timely responded.

Moreover, although Plaintiff need not plead sufficient facts to survive summary judgment, Plaintiff must plead facts that articulate a cognizable cause of action, which Plaintiff has failed to do. Accordingly, the HC2 Defendants respectfully request that the Court grant the HC2 Defendants' Motion, and Dismiss Plaintiff's Amended Complaint with prejudice.

## FACTS RELATING TO SERVICE

The HC2 Defendants filed their Motion *via* ECF on August 26, 2024. ECF Nos. 7-9. Contemporaneously therewith, the HC2 Defendants emailed a copy of the Motion to the Plaintiff's e-mail address, which he lists in his communications to this Court as: srview@gmail.com. See ECF 29 at ¶ 3; Ex. 1. Plaintiff has utilized this email address throughout this litigation, as well as other litigations between the parties, including in his most recent correspondence to the court. See ECF 30. Plaintiff has also corresponded with counsel *via* this email address in prior litigations. See Exhibit 1 to the Certification of Thomas L. Bellifemine, Esq., dated September 16, 2024 ("Counsel Cert.").

On August 27, 2024, counsel for the HC2 Defendants caused a mailing containing the Motion to be sent *via* priority international mail to Plaintiff at the address he provided in his

filings: Sen. Gil Puyat Avenue, Makati Central Post Office 1057, Brgy. San Antonio, Makati 1250, Republic of the Philippines. See ECF 29 at ¶ 2; 29-2 2.

On September 11, 2024, Plaintiff filed his Memorandum of Law in Opposition to the HC2 Defendants' Motion. See ECF No. 24. Because the HC2 Defendants did not receive a confirmation of receipt in connection with their mailing service, however, on September 11, 2024, counsel for the HC2 Defendants caused another mailing containing the Motion to be sent *via* Federal Express to Plaintiff at the address listed above. As of September 16, 2024, Federal Express confirmed that the emailing is in transit, most recently located in Guanzhou, China. See Exhibit 2 to Counsel Cert. On September 11, 2024, the HC2 Defendants also filed, and e-mailed Plaintiff a copy of, the Certification of Service for the August 26, 2024 email to srview@gmail.com, the August 27, 2024 mailing, and the September 11, 2024 mailing. See ECF 29. Plaintiff filed a response. See ECF No. 30.

## ARGUMENT

### I. PLAINTIFF WAS PROPERLY SERVED WITH THE MOTION

Plaintiff's position that the Motion should be stricken/and or denied has no basis in law and serves only to delay proceedings in light of Plaintiff's actual receipt of the Motion. Although Plaintiff claims that service of HC2 Defendants' Motion was defective, Plaintiff's response to the Motion, as well as his failure to object to service by e-mail and postal mail previously, show that he was properly served and accepted service of HC2 Defendants' Motion. Even if service was defective, however, defective service of motion papers can be cured and HC2 Defendants were not otherwise in default of their obligations to respond or otherwise move against Plaintiff's Amended Complaint. Thus, Plaintiff's request to strike or otherwise deny the Motion should be denied in full.

2

**A. PLAINTIFF FAILED TO OBJECT TO SERVICE OF THE MOTION BY E-MAIL OR POSTAL MAIL AND WAIVED ANY OBJECTIONS BY TIMELY RESPONDING IN FULL**

Plaintiff has been aware of this removed action since the notice of removal was filed in the State Court Action on August 20, 2023. In his August 29, 2024 letters filed *via* ECF after HC2 Defendants filed their Motion, Plaintiff both objected to, and then withdrew his objection to, Defendant Toyota's Related Case Affidavit. ECF No. 12. In first objecting, Plaintiff contested both service of the removal papers, and the Court's jurisdiction. In withdrawing his objection, however, Plaintiff stated that he "withdraw[s] [his] writing contesting the defendants' claim of relatedness" and that "while [he] disagree[s] with [counsel for Toyota Motor North America, Inc.], I do not wish to waste the Court's valuable time on this issue." ECF No. 12.

Plaintiff did not thereafter object to service until he filed his full response to the Motion on September 11, 2024. See ECF No. 24. It is clear that Plaintiff is using his status as a *pro se* litigant and purported foreign citizen as both a shield and sword, attempting to procedurally interfere with the ordinary course of judicial proceedings. Indeed, not two months ago, Plaintiff voluntarily withdrew his Complaint before this Court, merely to avoid the adjudication of the HC2 Defendants' first motion to dismiss, and only to refile near identical claims shortly thereafter in State Court. See HC2, Inc. v. Delaney, 24-cv-05211-LJL (S.D.N.Y. July 10, 2024) (Liman, J.), ECF No. 15. The reality is that as a trained and formerly licensed attorney, Plaintiff is fully competent to engage in this litigation *via* notice through ECF and e-mail. Plaintiff should not be permitted to needlessly hide behind his *pro se* status and international citizenship, requesting methods of service which are wholly unnecessary, and clearly intended to burden and delay, when it is Plaintiff who commenced this litigation.

3

Regardless, any deficiency in service has been rendered moot as it is clear that Plaintiff had actual possession of the Motion documents, and Plaintiff waived claims of improper service by substantively responding to the Motion in his Opposition. Although Plaintiff contests the veracity of counsel's Certification of Service, the HC2 Defendants did, in fact, serve Plaintiff with the Motion via ECF, e-mail, priority international mail, and most recently via Federal Express. Although Plaintiff contends that he did not receive the August 26, 2024 e-mail, this assertion is not credible given his prior use of the e-mail address in question, and the quickness with which Plaintiff has responded to all Defendants' filings.

As evidenced in Exhibit 2 of the HC2 Defendants' Certification of Service, ECF No. 29-2, the HC2 Defendants emailed Plaintiff at srview1@gmail.com. This is undoubtedly Plaintiff's email address, as he includes it in his signature line at the bottom of his letters to Judge Liman. ECF No. 30 at 3. Moreover, on September 9, 2023, Plaintiff filed *via* ECF an application for default judgment against Defendant Toyota Motor North America Inc. Tellingly, Plaintiff excluded the HC2 Defendants from that application, clearly indicating his awareness of the HC2 Defendants' timely Motion, tolling the time to file responsive pleadings.

Despite clear knowledge of the Motion, Plaintiff did not raise the issue of purported improper service at any time prior to filing his Opposition. Although the HC2 Defendants dispute any allegations of improper service, had Plaintiff brought the issue of service to the HC2 Defendants' attention during this or any of the other litigations, the issue which could have been promptly cured. Regardless, as Plaintiff had actual knowledge and possession of the Motion, and was able to oppose the Motion timely and in full, Plaintiff was in no way prejudiced by any purported defect in service. See 1077 Madison St., LLC v. Springer, 2015 WL 9165904, at *3 (E.D.N.Y. Oct. 28, 2015), report and recommendation adopted, 2015 WL 9050120 (E.D.N.Y.

4

Dec. 15, 2015) (granting motion despite defective service where non-moving party was aware of motion, actively participated in the matter, and had an opportunity to oppose the motion).

## B. EVEN IF SERVICE WAS DEFECTIVE THE PROPER REMEDY IS TO PERMIT DEFENDANTS TO RE-SERVE THE MOTION

Plaintiff claims that HC2 Defendants were obligated to serve him with the motion papers prior to the date he responded to the Motion, and that therefore the motion should be stricken or denied. However, Plaintiff mistakenly relies on a party's "service" obligations for the purposes of case initiating documents under Fed. R. Civ. P. 12(a)(1)(A) as the basis for his request to strike or deny the motion. This rule pertains only to responsive pleadings, however, which the HC2 Defendants' Motion is not. See id. Indeed, reading the rules further, it is Fed. R. Civ. P. 12(b) that controls, expressly distinguishing between "defenses" and "responsive pleadings," and allowing a party to "assert . . . defenses by motion." Specifically, R. 12(b) states that any such "motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed." Id. at 12(b) (emphasis added). Therefore, because HC2 Defendants' Motion is a motion under R. 12(b), the HC2 Defendants' only obligation was to "make" their Motion prior to any responsive pleadings. The HC2 Defendants have plainly done so, and for purposes of Rule 12(b), the perfection of "service" under R. 12(a)(1)(A) is not required. On this point alone, Plaintiff's position fails, as even if service was defective, Defendants are not in default of their obligation to respond to the Complaint, and thus striking or denying the motion would be improper

Further, Plaintiff admits that he is "not listed as having appeared on the docket." ECF No. 30. Pursuant to Rule 5 governing the serving and filing of pleadings and other papers, including written motions: "No service is required on a party who is in default for failing to appear." Fed.

5

R. Civ. P. 5. Courts have long articulated that, "[t]hese provisions are clearly intended to apply . . . to parties who have never made an appearance" (see e.g. Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963)) and Plaintiff repeatedly maintains that he falls in that category. See Opp. Br. at ¶9, ECF Nos. 28, 30. As such, crediting Plaintiff's claims that he has yet to appear in this matter, then HC2 Defendants are not yet under any obligation to serve Plaintiff with the motion papers. See Fed. R. Civ. P. 5. If true, then if anything, Plaintiff's response is to the Motion is premature. Nonetheless, as demonstrated above, HC2 Defendants did serve the moving papers, both by e-mail and postal mail, and Plaintiff neither objected nor was he otherwise prejudiced as he voluntarily responded. Accordingly, the Court should deem Plaintiff to have appeared and been properly served with the Motion, or Order HC2 Defendants to again effect service.

### C.  THIS COURT SHOULD PERMIT DEFENDANTS TO SERVE PLAINTIFF VIA E-MAIL

To the extent the Court deems that HC2 Defendants have yet to serve the Motion, HC2 Defendants respectfully request that the Court permit service by e-mail. This Court routinely recognizes e-mail as an appropriate method of service, including for international parties. See U.S. v. Besneli, 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015); F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); see also, e.g., AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14 Civ. 9913 (KMK), 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (collecting cases).

Article 10 of the Hague Convention states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention Art. 10(a),

November 15, 1965. The Second Circuit has interpreted the word "send" in Article 10(a) to mean "service." Ackermann v. Levine, 788 F.2d 830, 839 (2d Cir.1986). The Philippines has objected to the means listed in Article 10(a); however, the Philippines has not expressly objected to e-mail service. Numerous courts have held that service by e-mail does not violate any international agreement where the objections of the recipient nation, like the Philippines here, are limited to those means enumerated in Article 10. See, e.g., Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (concluding that an objection to Article 10(a)'s service by "postal channels" does not encompass an objection to service by email); Gurung v. Malhotra, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (objection to service through postal channels does not amount to an express rejection of service via electronic mail). Thus, because the Philippines' objection to service by "postal channels" does not incorporate service by e-mail, the Court has the authority to Order service by e-mail sufficient in this matter.

Accordingly, in light of Plaintiff's unwillingness to consent to ECF service, despite utilizing ECF service himself in this and prior litigations in this Court, and because Plaintiff has demonstrated that he is able to receive and respond to filed documents served by e-mail both quickly and efficiently, the Court should Order that e-mail service is a sufficient method by which to serve documents on Plaintiff in this matter.

## II. DEFENDANT ZANNIKOS'S DECLARATION AND ITS EXHIBITS WERE PROPERLY SUBMITTED

While Plaintiff argues that the HC2 Defendants may only rely on documents "outside the pleadings" when moving for summary judgment, the documents attached to the Zannikos Declaration do not fall "outside the pleadings" and thus should be considered when deciding the HC2 Defendants' Motion. In deciding a motion to dismiss, this Court may consider the full text

7

of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88–89 (2d Cir. 2000); San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir.1996); Wolff v. Rare Medium, Inc., 210 F.Supp.2d 490, 494 (S.D.N.Y. 2000). It is also appropriate for the Court to consider a document which may not have been incorporated by express reference in a complaint, but which is otherwise "integral to the complaint." Furman v. Cirrito, 828 F.2d 898, 900 (2d Cir.1987).

Here, the information within Defendant Zannikos's Declaration, and the exhibits attached thereto, are directly related to Plaintiff's allegations that he was not provided with a copy of HC2's Summary Plan Description. Specifically, Plaintiff alleges that "HC2 and Toyota retaliated against Delaney by repeatedly refusing to send him a copy of the Summary Plan Description." ECF No. 1-3 at ¶ 89. However, Defendant Zannikos's Declaration contains an e-mail sent to Plaintiff wherein the Summary Plan Description was attached. See ECF No. 9. As this e-mail shows, the attached Summary Plan in Plaintiff's possession at the time he drafted his Amended Complaint, and he specifically references this document in the Amended Complaint. See ECF No. 9-2; Amended Complaint at ¶89. Accordingly, the information within Defendant Zannikos's Declaration, and the exhibits attached thereto are integral to the Amended Complaint, referenced and incorporated in the Amended Complaint, and thus do not fall "outside the pleadings." See, e.g., Furman, 828 F.2d at 900.

Plaintiff's reliance on Abbas v. Dixon is misplaced. Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007). The Abbas case does not stand for the proposition that defendants, on a motion to dismiss, cannot attach documents supporting their position by declaration. See id. Rather, the Abbas court held that a plaintiff's pleadings do not need to affirmatively address procedural

8

defenses, such as the "statute of limitations" or the "exhaust[ion of] administrative remedies." Id. (citing Jones v. Bock, 127 S. Ct. 910, 920 (2007)).

In relying on Abbas, Plaintiff seems to argue that his Amended Complaint should not have had to account for the fact that HC2 Defendants actually possessed the e-mail wherein Plaintiff received a copy of the Summary Description Plan, directly contradicting Plaintiff's claims that he did not receive a copy. This argument, however, is premised on the false assumption that a plaintiff can knowingly plead an incorrect statement with impunity at the motion to dismiss stage, which is not a proper application of the motion to dismiss standard. See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss."); Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) ("If these documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint."). Accordingly, the Court should consider the Zannikos Declaration, and its exhibits, in deciding the HC2 Defendants' Motion and dismiss the claims accordingly.

III.     **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED**

Despite all of Plaintiff's procedural bluster, Plaintiff still cannot save the claims in his Amended Complaint as it fails to state any facts upon which relief may be granted. Although Plaintiff is correct, he need not *prove* a *prima facie* case at this stage, he must still allege "sufficient facts to nudge the claims across the line from conceivable to plausible." McKinney v. Cty. of Dutchess, No. 19-CV-03920 (NSR), 2024 U.S. Dist. LEXIS 60813, at *6 (S.D.N.Y. Mar. 31, 2024). Here, Plaintiff essentially argues that just going through the motions of making a claim should be sufficient at the pleading stage, however "a complaint [does not] suffice if it

9

tenders naked assertion[s] devoid of further factual enhancement," which, as demonstrated below and in our affirmative motion, is exactly what the Amended Complaint does. See McDaniel v. Univ. of Rochester, No. 23-CV-6164-FPG, 2024 U.S. Dist. LEXIS 80567, at *3 (W.D.N.Y. May 2, 2024). Accordingly, for the reasons set forth below, Plaintiff does not plead sufficient facts to state a plausible claim for relief, and thus his claims should be dismissed, with prejudice.

### A. PLAINTIFF'S N.Y. JUDICIARY LAW § 487 CLAIM STILL FAILS

As set forth in the HC2 Defendants' moving brief, most courts have found that "[t]he reach of Section 487 extends only to misconduct by attorneys in connection with proceedings before New York courts." In re Fierro, 616 B.R. 596, 607 (Bankr. E.D.N.Y. 2020) (alterations in original) (internal quotation marks omitted) (citing All. Network, LLC v. Sidley Austin LLP, 987 N.Y.S.2d 794, 807 (N.Y. Sup. Ct. 2014); Schertenleib v. Traum, 589 F.2d 1156, 1166 (2d Cir. 1978)). Courts have repeatedly found that where "alleged deceitful conduct occurred in an ongoing federal action, rather than in state court," Section 487 does not apply. See id. (citing Lindner v. Am. Exp. Corp., 2009 WL 54493, at *1 (S.D.N.Y. Jan. 8, 2009); Kaye Scholer LLP v. CNA Holdings, Inc., 2010 WL 1779917, at *1 (S.D.N.Y. Apr. 28, 2010) (dismissing a Section 487 claim on the basis that the conduct did not occur before a New York state court)).

Here, the gravamen of Plaintiff's Judiciary Law § 487 claim is that that Defendants Nacchio and Zannikos repeated the allegation that Plaintiff's initial demands were an "extortion" after Judge Liman ruled that what Plaintiff purportedly did was not an "extortion." However, it is undisputed that this allegation originated in federal court, not a New York court. See HC2, Inc. v. Delaney, 20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.), ECF No. 1 at ¶ 31. The only instances of purported repetition thereafter cited by Plaintiff are instances where that initial pleading was attached to another filing as part of the procedural history of Plaintiff's litigations

10

against Defendants. <u>See</u> Amend. Comp. at ¶ 19. Merely quoting or attaching filed court documents when setting forth the history of the claims, however, cannot be an act taken with the intent to deceive the Court when the specific offensive language is neither quoted nor highlighted.

This is especially true because the purportedly offensive statement did not originate with either Defendants Nacchio or Zannikos. Thus, their intent in including it in any subsequent filings in State Court, to the extent it was included, must be judged not on the words, but in how the attachment was used. Because it was used to provide background procedural history, and the allegedly offensive language was neither quoted nor highlighted for the truth of the statement (i.e. that the demand was extortionate), an intent to deceive cannot be imputed to either of the individual defendants. <u>See</u> <u>Suzuki v. Greenberg</u>, 198 N.Y.S.3d 683 (2023); 41 N.Y.3d 908 (2024), leave to appeal denied, (finding "an act of deceit or intent to deceive must be stated with particularity [and] the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient") (citing <u>Armstrong v. Blank Rome LLP</u>, 126 A.D.3d 427, 427 (N.Y. Sup. Ct., 1st Dept.2015); <u>Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.</u>, 787 N.Y.S.2d 267 (1st Dept.2004); <u>Agostini v. Sobol</u>, 757 N.Y.S.2d 555 (1st Dept. 2003)).

## B. PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM STILL FAILS

Plaintiff further provides no support for his assertion that the HC2 Defendants owed any duty to Plaintiff. Plaintiff again attempts to use his *pro se* status as a sword and shield, citing to DR 7-104(2) as creating a duty. However, DR 7-104(2) creates no relevant duty between an attorney and a *pro se* adversary. Rather, DR 7-104(2) prohibits attorneys from "[g]iv[ing] advice to a party who is not represented by a lawyer, other than the advice to secure counsel, if the

11

interests of such party are or have a reasonable possibility of being in conflict with the interests of the lawyer's client." There is no allegation that the HC2 Defendants gave any legal advice to Plaintiff and, therefore, DR 7-104(2) is irrelevant to this claim. Nor do any of the other ethical rules Plaintiff cites create a duty to Plaintiff.

Furthermore, despite his assertion otherwise, Plaintiff has not "alleged *actual* endangerment and harm" to his ***physical*** safety, as required to state a claim of negligent infliction of emotional distress. See Opp. Br. at ¶ 27; Hoxha v. Pantalone, 208 N.Y.S.3d 485 (N.Y. Sup. Ct. 2024). Instead, Plaintiff alleges emotional distress and mental trauma, which, absent threat of physical harm, cannot support a claim for negligent infliction of emotional distress. Id. Accordingly, this claim fails as well.

### C. PLAINTIFF'S CONTRACT CLAIM STILL FAILS BECAUSE PLAINTIFF CANNOT SHOW ANY BREACH BY HC2

As to Plaintiff's contract claim, now apparently based on the stipulation to withdraw HC2's proof of claim, Plaintiff fails to recognize the actual role of a "creditor" in bankruptcy actions and ignores the plain language of the purported stipulated.[1] The stipulation Plaintiff cites as supporting his claim precluded HC2 only from continued participation in the bankruptcy action as a creditor. See In re: Delany, ECF No. 83 ("Claim 2 of HC2 is hereby withdrawn, with prejudice to HC2's right to file another proof of claim in this bankruptcy case."). Continuing to participate in the Bankruptcy Action as a debtor of the debtor, or otherwise, was plainly not a breach of the stipulation so long as HC2 did not file another "proof of claim." Because HC2 did not file any further proofs of claim, their otherwise valid participation cannot serve as the basis

---

[1] The term "creditor" means "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101.

for Plaintiff's breach of contract claim. Accordingly, that claim should also be dismissed with prejudice.

### D.  PLAINTIFF'S N.Y. LABOR LAW § 740 CLAIM STILL FAILS

As to Plaintiff's N.Y. Labor Law § 740 claim, Plaintiff takes the position that this Court must accept Plaintiff allegations as "true," despite documentary evidence to the contrary. As previously stated (Sec. II, *supra*), Plaintiff is not permitted to knowingly include factually incorrect statements in his pleadings with impunity at the motion to dismiss stage. Plaintiff specifically alleges that he did not receive a copy of HC2's Summary Description Plan, which is plainly contradicted by Exhibit B to the Zannikos Declaration. Because Plaintiff's Labor Law Section 740 claim is premised on his not receiving the Summary Description Plan, and because he repeatedly refers to his purported right to participate under that plan, this Court may consider the documents provided in the Zannikos Declaration, in full. Matusovsky, 186 F. Supp. 2d at 400 ("If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss."); Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d at 184 (S.D.N.Y. 2000) ("If these documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint.").

To that end, the Benefit Plan's terms are clear, and pursuant to the employment history as set forth by Plaintiff in the Amended Complaint, Plaintiff was not a "participant" or "beneficiary" of the plan. See ECF No. 9-1. Moreover, as the e-mail attached as Exhibit B to the Zannikos Declaration makes clear, Defendant HC2 did, in fact, provide Plaintiff with the Summary Plan Description, despite him not being a participant or beneficiary. See Exhibit B to Zannikos Dec. Accordingly, it would be unreasonable to accept Plaintiff's allegations as true in

13

light of directly contradictory evidence, even at the pleading stage. Accordingly, this claim should also be dismissed.

### E.  PLAINTIFF'S ADA AND TITLE VII CLAIMS STILL FAIL

As to Plaintiff's Americans with Disabilities Act and Title VII claims, Plaintiff again attempts to survive this Motion without pleading even the minimal elements of the claim. Plaintiff still fails to identify any disability that would qualify him for protection under the ADA. Moreover, Plaintiff has failed to plead any facts that would in any way support the claim that an action was taken by the HC2 Defendants because of, or partially motivated by, a protected disability. McDaniel, 2024 U.S. Dist. LEXIS 80567, at \*3 ("a formulaic recitation of the elements of a cause of action will not do"). Nor was Plaintiff even an employee of Defendant HC2 following the settlement agreement executed September 1, 2021. Thus, even if we take Plaintiff's allegations as true, he could not have suffered an adverse *employment* action in the relevant time period.

Further, Plaintiff does not address the jurisdictional issues of having failed to exhaust his administrative remedies before filing suit. See Nat'l R.R. Passenger Corp. ("AMTRAK") v. Morgan, 536 U.S. 101, 109 (2002) (holding that failure to exhaust administrative remedies results in dismissal because "a claim is time barred if it is not filed within these time limits"). Accordingly, Plaintiff's barebones allegations of discrimination and/or retaliation should be dismissed, with prejudice.

### F.  PLAINTIFF'S CIVIL CONSPIRACY CLAIM STILL FAILS

As to Plaintiff's civil conspiracy claim, there cannot be a conspiracy without an underlying tort. See Hua Xue v. Jensen, No. 19-CV-1761, 2020 WL 6825676, at \*12 (S.D.N.Y. Nov. 19, 2020) (a civil conspiracy claim "should be dismissed if the underlying tort claim either

14

is not adequately pleaded or has been dismissed."). As Plaintiff fails to state a claim as to any of his causes of action, Plaintiff's civil conspiracy claim likewise fails.

In light of the foregoing, Plaintiff's allegations fall woefully short of the required pleading standards to maintain each and every claim within the Amended Complaint. As a result of Plaintiff's failure to state any claim upon which a relief can be granted, a defect which cannot be cured, the Amended Complaint should be dismissed, in its entirety, with prejudice.

## CONCLUSION

For the foregoing reasons, HC2 Defendants respectfully request that their Motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice.

Respectfully Submitted,

Dated: September 16, 2024

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:   */s/Thomas L. Bellifemine, Esq.*
      Thomas L. Bellifemine, Esq.
      *Attorneys for Defendants HC2, Inc.,*
      *Stephanos Zannikos, and Michael John*
      *Esker Nacchio*

15

64245450.v6-OGLETREE