```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
  :
ANDREW DELANEY,   :
  :
  Plaintiff,  :
  :  24-cv-6287 (LJL)
  -v-  :
  :  ORDER
HC2, INC., STEPHANOS ZANNIKOS, MICHAEL  :
JOHN ESKER NACCHIO, and TOYOTA MOTOR  :
NORTH AMERICA, INC.  :
  :
  Defendants. X

-------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

Plaintiff Andrew Delaney moves for reconsideration of the Court's order of September 13, 2024. Dkt. No. 38. The motion for reconsideration is DENIED.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Plaintiff has not identified any issue or law that the Court overlooked in its September 13, 2024, order or any clear error or manifest injustice committed by that order. His letter embraces and does not refute the absurdity identified in that order. See

Dkt. No. 38 at 2 (suggesting that TNMA might have had an obligation to respond to a superseded original complaint). Under his theory, he could have served the corrected amended complaint one day prior to the expiration of the 21 days after service of the original complaint and thereby truncated TMNA's time to respond to one day. He also does not respond to the Court's observation that, even if TNMA's response was deemed untimely, the Court would vacate the entry of default for lack of willfulness, lack of prejudice, and meritorious defenses. This issue is concluded.

      The Clerk of Court is respectfully directed to close the motion at Dkt. No. 38.

      SO ORDERED.

Dated: September 17, 2024
      New York, New York

                                                 LEWIS J. LIMAN
                                        United States District Judge